470

Louis J. Cugini, Petitioner *v.* Workmen's Compensation Appeal Board (Arlen Realty), Respondents.

Submitted on briefs, April 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*John F. McElvenny,* for petitioner.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for respondent, Arlen Realty.

OPINION BY JUDGE MACPHAIL, May 25, 1983:

Claimant (Louis J. Cugini) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee holding that the Employer (Arlen Realty) failed to meet its burden of proving[1] that Claimant's disability had terminated as of April 25, 1977, but that as of May 9, 1977, Claimant was partially disabled and able to return to light work. The referee further found that on May 9, 1977, work was available near Claimant's home in Baltimore, Maryland, at an average weekly wage equal to or in excess of his pre-injury average weekly wage, which work was within Claimant's vocational and educational qualifications and which was within his physical limitations.

The referee ordered that additional compensation for total disability should be awarded to Claimant from April 25, 1977 through May 8, 1977 and granted suspension of benefits as of May 9, 1977.

Claimant sustained a work related injury on October 29, 1976, while working for the Employer as a construction engineer. He was paid total disability benefits from October 30, 1976 through April 24, 1977, for a fractured left wrist and fractured vertebrae. On May 2, 1977, Employer filed a Petition for Termination, based on an affidavit of Recovery by William H. Simon, M.D., alleging that all compensable disability terminated on or before April 25, 1977. After considering the testimony of Manford Abrahamson, M.D., Claimant's treating physician, and the testimony of the

---

[1] When the Employer is the moving party, as here where it filed a petition to terminate or modify benefits, it has the burden of showing either that (1) disability has ended or that (2) it has been reduced and that work is available to the claimant and the claimant is capable of doing such work. *Purolator Security, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 486, 434 A.2d 235 (1981).

Employer's physician, Dr. Simon, the referee[2] found Dr. Abrahamson's testimony to be most credible.[3] Based on Dr. Abrahamson's testimony the referee found that:

> Claimant was not able to return to work as of April 25, 1977, but was able to return to light work as of May 9, 1977. Said light work was to include no lifting over 25 lbs., no repetitive stooping or squatting and no repetitive bending. Claimant was to utilize back brace [sic] to prevent him from leaning too far forward. Claimant had residuals of the fracture of his wrist and was suffering a soft tissue lumbosacral strain; however, the fracture of his vertebrae at the T11 level was healed firmly and was not producing disabling symptomatology.

In his appeal, the Claimant contends that the above quoted finding of fact is not supported by substantial evidence.[4] With this contention we cannot agree.

---

[2] In a workmen's compensation case, the referee is the ultimate finder of fact where, as here, the Board takes no additional evidence. *Rowan v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981).

[3] Claimant argues that the referee ignored testimony given by Dr. Abrahamson to the effect that he had a continuing disability extending for a period of time beyond May 9, 1977. However, we have stated many times where all the medical evidence is competent, the fact finder's function is to select between conflicting medical testimony. The referee, in the exercise of a broad discretion, may accept or reject the testimony of any witness including a medical witness in whole or in part. *Novak v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 596, 430 A.2d 703 (1981). The referee acted properly here.

[4] In his brief, Claimant uses the wrong scope of review. He uses the term capricious disregard; however, in a case such as this, where the Employer has the burden of proof below and is successful, our scope of review is substantial evidence. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976).

When asked on cross-examination whether he felt Claimant was able to return to some form of gainful employment as of May 9, 1977, Dr. Abrahamson responded:

A. Light work only ... [h]e cannot do any heavy lifting, stooping or bending.

Clearly, this testimony constiutes substantial evidence upon which the referee could base his finding. It is hard to imagine any testimony that could more closely parallel the referee's finding.[5]

Claimant next challenges the referee's decision alleging that the testimony of Employer's rehabilitation and vocational witness (Mr. Charles Smolkin) is subject to challenge because he never examined Claimant.[6] Although this fact is relevant to whether or not the referee views the expert's testimony to be credible, his testimony is competent and it is not a basis upon which we can reverse the referee's determination. *See Purolator Security, Inc.* As we have stated many times, it is the province of the referee, not this Court, to resolve issues of credibility. *Rowan.*

Claimant also avers that the Employer failed to sustain his burden of proving the availability of work within Claimant's capabilities since there was no testimony by Mr. Smolkin regarding Claimant's ability to

---

[5] The Claimant also contends that the referee's findings are somehow flawed because the referee adopted the suggested findings of fact submitted to him by the Claimant. This is not true. So long as substantial evidence exists in the record to support those findings, the referee has properly exercised his fact finding duties.

[6] Mr. Smolkin was given a hypothetical question to answer, setting forth all of the relevant facts of Claimant's case—his medical condition, the doctor's diagnosis, his usual work activities and his education and work background. Based on these hypothetical facts, Mr. Smolkin was asked to form an opinion with respect to whether there would be work available for Claimant in the Baltimore area. Mr. Smolkin also testified that he did make an effort to interview Claimant but was unable to make contact.

perform any of the available jobs he found. Again, we disagree with Claimant's allegation. Mr. Smolkin limited his search for available jobs in the construction field to superintendent and supervisory positions. Mr. Smolkin found 40 positions that Claimant could perform consistent with his need to do light work, and "consistent with [his] skills and previous education, age etcetera." All of the jobs Mr. Smolkin found to be available were "of a light nature where the individual would not have to do pushing, bending, pulling of more than 10 pounds . . . basically it would require an expert in construction and an individual with long years of experience [like Claimant] who would have expertise. . . ."

The Board acted properly in affirming the referee. We affirm the Board's order.

#### ORDER

It is ordered that the order of the Workmen's Compensation Appeal Board dated October 20, 1981 and numbered A-80561 is hereby affirmed.