548 A.2d 404

Glenn Richard Sullivan, Petitioner *v.* Workmen's Compensation Appeal Board (Philadelphia Electric Company), Respondents.

*Thomas W. Murphy, Murphy, Murphy & Murphy, P.C.,* for petitioner.

*Thomas F. McDevitt,* for respondents.

OPINION BY JUDGE PALLADINO, October 13, 1988:

Glenn Richard Sullivan (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision dismissing Petitioner's claim petition. We affirm.

Petitioner was employed by Philadelphia Electric Company (Employer) as a maintenance helper. On December 11, 1982, Petitioner was involved in an automobile accident on his way home from work.[1] Petitioner did not report to work on December 14, 1982 which was the next day he was scheduled to work. However, Petitioner did return to work on December 15, 1982 and did not miss any days until February 5, 1983. Claimant was hospitalized from February 5, 1983 to February 15, 1983 and did not work from February 5, 1983 to February 22, 1983. Claimant was paid his wages for all the days he missed. However, Employer did not pay his medical expenses.

Petitioner filed a claim petition alleging disability as a result of the December 11, 1982 accident.[2] Petitioner contends that he was disabled on December 13, 1982 and from February 5, 1983 through February 22, 1983.

At hearings held before a referee, Petitioner presented medical reports from Dr. Kronstadt, his treating physician, and Dr. Stempanek, a consulting physician. Employer presented the medical testimony of Dr. Weider, who had examined Petitioner on January 14, 1983.

---

[1] Petitioner testified that he was paid by Employer for his travel time home. N.T. at 5. It is not disputed that Petitioner was in the course of his employment when the accident occurred.

[2] In his claim petition, Petitioner alleges that he suffered acute cervical strain and sprain, acute lumbosacral strain and sprain, traumatic myositis of the bilateral trapeziums muscle, and contusions of the left knee as a result of the accident.

The referee made the following pertinent findings of fact:

5.   Claimant did not seek any medical attention for his claimed injuries until after having been referred by his attorney to Dr. Kronstadt. . . .

6.   During the period of December 14, 1982 to February 5, 1983, Claimant also worked overtime. He was able to lift objects weighing 50 pounds in the performance of his duties, and continued to play with the team of the Trouble Men 'in a bowling league at the Brook Haven Lanes.'

7.   Defendant presented testimony by John Mociak, who testified from records maintained by the Defendant that the Claimant missed only one day from work in 1982 after December 11, 1982; that Claimant had also worked overtime during the period December 11, 1982 to February 5, 1983, indicating that he was on his regular duties since company policy prohibits people on light duty to work overtime.

8.   Claimant underwent a comprehensive medical examination and evaluation by Henry Weider, M.D. on January 14, 1983. In the opinion of Dr. Weider 'this young man shows no object-[sic] evidence at the present time of any significant abnormality or impairment despite some continuing complaints. According to his history, he may have sustained slight cervical and low back strain, but there is nothing to show for it now aside from his subjective complaints. He currently shows no evidence of any neurologic abnormality or impairment. I can find nothing objectively wrong with the knee'.

9.   Dr. Weider states that Claimant informed [sic] 'he's supposed to go in the hospital'. Dr.

Weider found absolutely no indication for hospitalization and 'no contra-indication for this young man continuing with his normal occupational activities'. [sic]

10. The Referee accepts Dr. Weider's opinion as both competent and credible, consequently, the Referee rejects Claimant's evidence to the contrary. The Referee finds as a fact that the Claimant did not have a compensable disability.

The referee dismissed Petitioner's claim petition. The Board, without taking additional evidence, affirmed.

On appeal to this court, Petitioner contends that: (1) the referee capriciously disregarded competent medical evidence; and (2) he was denied due process of law because the referee adopted Employer's proposed findings of fact, conclusions of law and order word for word.

We note at the outset that the capricious disregard of the evidence standard is not the proper standard to employ when evidence is presented by both parties. *See* 2 Pa. C. S. §704. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 115 Pa. Commonwealth Ct. 268, 539 A.2d 952 (1988). We have carefully reviewed the record and conclude there is substantial evidence to support the referee's findings.

Moreover, the referee was free to accept the testimony of Dr. Weider and reject the testimony of Petitioner's medical witnesses. The credibility of witnesses is for the referee to determine. *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa. Commonwealth Ct. 356, 524 A.2d 550 (1987). The referee may accept or reject the testimony of any witness in whole or in part. *Pittsburgh Moose Lodge # 46 v.*

*Workmen's Compensation Appeal Board (Grieco)*, 109 Pa. Commonwealth Ct. 53, 530 A.2d 982 (1987).

Petitioner argues that the referee failed to state his reasons for finding Dr. Weider's testimony credible over that of Petitioner's medical witnesses. However, a referee need not explain his credibility determinations. *See McCarter v. Workmen's Compensation Appeal Board, (Boeing Vertol Co.)*, 94 Pa. Commonwealth Ct. 261, 503 A.2d 990 (1986).

Petitioner also contends that he was denied due process because the referee adopted Employer's findings of fact, conclusions of law and order verbatim. This argument is without merit. A referee may adopt findings of fact submitted by a party as long as there is substantial evidence in the record to support those findings. *See Cugini v. Workmen's Compensation Appeal Board (Arlen Realty)*, 74 Pa. Commonwealth Ct. 470, 460 A.2d 395 (1983). In this case, there was substantial evidence to support the referee's findings and the referee's conclusions of law and order follow from these findings.

ORDER

AND NOW, October 13, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.