AND NOW, November 13, 1991, the order of the Court of Common Pleas of Lebanon County in the above-captioned matter is affirmed.

599 A.2d 266

**Caroline B. REINSTADTLER, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (EGLER, ANSTANDIG, GARRETT & RILEY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 27, 1991.

Decided Nov. 13, 1991.

Paul H. Titus and Barbara B. Moravitz, for petitioner.

Fred C. Trenor and David F. Ryan, for respondent.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Caroline B. Reinstadtler (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which dismissed her petition for rehearing. We affirm.

On December 29, 1983, Claimant filed a fatal claim petition alleging that her husband, Thomas J. Reinstadtler, died as a result of stress related to his employment as an attorney with the law firm of Egler & Reinstadtler (Employer)[1]. Both parties presented evidence at hearings and filed proposed findings of fact and conclusions of law. Claimant filed her proposed findings and conclusions on July 7, 1988, and Employer filed its proposed findings and conclusions on July 14, 1988. The referee rendered a decision on July 15, 1988, adopting Employer's findings and conclusions and dismissing Claimant's petition.

On appeal the Board affirmed the referee's decision concluding that it was based on substantial evidence. Claimant did not appeal that determination to our Court, but instead petitioned the Board for rehearing. The Board in an opin-

---

1. The firm of Egler & Reinstadtler is the predecessor to the firm of Egler, Anstandig, Garrett & Riley, one of the Respondents in this action.

ion and order dated March 22, 1991, dismissed Claimant's petition for rehearing, stating in pertinent part that:

The Claimant objected to the Referee [sic] adopting Findings of Fact Nos. 8 through 12 and Conclusions of Law that were proposed by the Defendant. Claimant also had an opportunity to submit Proposed Findings of Fact. This is certainly not an unusual practice in Workmen's Compensation. This Board does not feel that the Claimant was denied due process of law in this matter. We have made a careful review of the record.

Claimant then appealed to our Court questioning whether the Board had abused its discretion by not determining if the verbatim adoption by the referee of Employer's proposed findings of fact was a violation of Claimant's due process rights to an independent fact finding.

Initially, we note that "[t]he grant or denial of a rehearing is left to the discretion of the board and this court will not disturb that decision absent a clear abuse of discretion." *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking and Transport Insurance Co.)*, 116 Pa.Commonwealth Ct. 172, 176, 541 A.2d 60, 63 (1988). The *Monaci* court cited *Cudo v. Hallstead Foundry Inc.*, 517 Pa. 553, 539 A.2d 792 (1988), a case in which our Supreme Court reaffirmed the Board's broad discretion when determining whether to grant or deny a rehearing. The gravamen of the *Cudo* decision is that the Board may grant rehearing "when justice requires." *Id.*, 517 Pa. at 557, 539 A.2d at 794.

■ Claimant's sole basis for her petition for rehearing centers on the fact that the referee adopted Employer's proposed findings of fact and rendered his decision one day after Employer filed its proposed findings of fact and conclusions of law. She suggests that this alleged one day deliberation gives the impression that the fact finding function was not performed. She further suggests that it gives the appearance of impropriety.

This argument is without merit. "A referee may adopt findings of fact submitted by a party as long as there is substantial evidence in the record to support those findings." *Sullivan v. Workmen's Compensation Appeal Board (Philadelphia Electric Co.)*, 120 Pa.Commonwealth Ct. 364, 368, 548 A.2d 404, 407 (1988). The Board was satisfied both times it reviewed the record that substantial evidence supported the referee's decision. We do note Claimant's citation to caselaw that criticizes this practice of verbatim adoption,[2] yet without more it would be conjecture on our part to conclude that the referee could not or did not review the record prior to his adoption of Employer's findings of fact.

■ Claimant argues that there is substantial medical and lay testimony in the record to support her position. This is immaterial, however, since the referee did not believe this evidence. It is the referee, as the judge of credibility, who may accept or reject, in whole or in part, any testimony of any witness, including medical witnesses. *Mrs. Smith's Frozen Foods Company v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988). Claimant does not allege that there is no evidence to support the referee's findings so we need not address that point.

Accordingly, we affirm.

KELLEY, J., dissents.

## ORDER

AND NOW, this 13th day of November, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

2. *See Anderson v. City of Bessemer City, North Carolina,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Walton v. United Consumers Club, Inc.,* 786 F.2d 303 (7th Cir.1986); *Cuthbertson v. Biggers Brothers, Inc.,* 702 F.2d 454 (4th Cir.1983); *Photovest Corp. v. Fotomat Corp.,* 606 F.2d 704 (7th Cir.1979) *cert. denied,* 445 U.S. 917, 100 S.Ct. 1278, 63 L.Ed.2d 601 (1980); and *Roberts v. Ross,* 344 F.2d 747 (3d Cir. 1965).