148 Pa. Commonwealth Ct. 188 (1992)
610 A.2d 516
COMMONWEALTH of Pennsylvania ex rel., BLOOMSBURG STATE COLLEGE, by Robert J. NOSSEN, President,
v.
Deake G. PORTER and Dr. Joseph T. Skehan.
Appeal of Dr. Joseph T. SKEHAN.
Commonwealth Court of Pennsylvania.
Argued March 3, 1992.
Decided May 22, 1992.
Reargument Denied July 16, 1992.
*190 Cletus P. Lyman, for appellant.
Calvin R. Koons, Sr. Deputy Atty. Gen., for appellees.
Before McGINLEY and SMITH (P.), JJ., and NARICK, Senior Judge.
NARICK, Senior Judge.
Joseph T. Skehan appeals from the order of the Court of Common Pleas of the 26th Judicial District, Columbia County Branch. For the reasons set forth below, we affirm.
Skehan, a nontenured associate professor of economics at Bloomsburg State College (BSC), was notified that his contract would not be renewed beyond the 1970-71 academic year. However, during the fall of 1970, Skehan was dismissed for failure to comply with certain academic directives. These directives required BSC's economic's department faculty to teach the classes as assigned in the official published schedule. Skehan traded classes with another member of the faculty, thereby not teaching the classes assigned in the official schedule, contrary to the directive.
*191 BSC filed an action, in the trial court, to enjoin Skehan[1] from coming on to the campus and continuing to teach classes not assigned to him in the official schedule. Skehan filed a counterclaim, seeking reinstatement and back pay. Pursuant to a stipulation entered into by the parties, the trial court issued an order, prohibiting Skehan from entering the campus to teach classes.
Skehan also pursued remedies both in the federal courts[2] and in Commonwealth Court.[3] However, the particular action at issue here remained dormant from 1971 until 1984. BSC withdrew its complaint seeking injunction in 1985, leaving only Skehan's counterclaims to be resolved.
*192 After a non-jury trial, the trial court entered a decree nisi on March 7, 1991, concluding that Skehan was not entitled to reinstatement or back pay and dismissing the counterclaims. The trial court, in a fifty-three page opinion, made separate findings of fact and conclusions of law, addressing breach of contract, the federal actions acting as a bar under the doctrine of res judicata, the request for money damages and the constitutional claims.
At argument on post-trial motions, Skehan challenged as improper the adoption by the trial court of the proposed findings of fact and conclusions of law submitted by BSC. Skehan had also submitted proposed findings and conclusions. The trial court, however, dismissed the post-trial motions and entered the decree nisi as a final order on June 11, 1991.
On appeal,[4] Skehan argues that the trial court erred in: (1) adopting BSC's findings of fact and conclusions of law; (2) its application of the doctrine of res judicata and collateral estoppel; (3) denying Skehan back pay; and (4) failing to grant damages to Skehan for defamation and intentional infliction of emotional distress.

PA.R.C.P. NO. 1517
Skehan first argues that the trial court did not comply with Pa.R.C.P. No. 1517,[5] because it adopted BSC's findings of fact *193 and conclusions of law and because the trial did not file its adjudication until two years after the close of trial. We do not agree.
Clearly, the format of the adjudication follows the provisions required by Pa.R.C.P. No. 1517. The trial court made specific findings of fact and conclusions of law. The trial court also discussed the law as it pertains to each issue under separate headings.
The fact that the trial court adopted BSC's findings and conclusions does not in itself necessitate reversal. Pa. R.C.P. No. 1516[6] permits a court to request that the parties file proposed findings and conclusions. "Nothing in the rules, however, precludes a court from adopting those findings and conclusions proposed by a party. In fact, the contrary is implied." Sotak v. Nitschke, 303 Pa.Superior Ct. 361, 370, 449 A.2d 729, 733 (1982). The court may adopt a party's proposed findings and conclusions as it deems warranted or it may state its findings and conclusions in its own language. Goodrich-Amram 2d § 1516:2 at 83.
Skehan cites numerous federal cases that criticize the practice of verbatim adoption; however, in Reinstadtler v. Workmen's Compensation Appeal Board, 143 Pa. Commonwealth Ct. 429, 599 A.2d 266 (1991), we held that a referee's decision that adopted an employer's proposed findings and conclusions was acceptable, even when the decision was filed one day after receiving the proposed findings because substantial evidence supported the referee's findings. We further held that "without *194 more it would be conjecture on our part to conclude that the referee could not or did not review the record prior to his adoption of Employer's findings of fact." Id., 143 Pa.Commonwealth Ct. at 432, 599 A.2d at 267. See also Sullivan v. Workmen's Compensation Appeal Board (Philadelphia Electric Co.), 120 Pa. Commonwealth Ct. 364, 548 A.2d 404 (1988). The same analysis applies here.
Skehan also suggests that a two-year lapse between trial and the filing of the adjudication gives the appearance that the trial court could neither remember nor review the extensive record. As in Reinstadtler, without proof that the fact-finding function was not performed, we will not hold that the trial court failed in its duty.

RES JUDICATA
Skehan next argues that the trial court misapplied the doctrines of res judicata and collateral estoppel to his claims that his contract rights, his procedural rights and his right to academic freedom were violated.
In Malone v. West Marlborough Township Board of Supervisors, 145 Pa.Commonwealth Ct. 466, 603 A.2d 708 (1992), this Court stated that:
`Res judicata' refers to two distinct legal principles, `technical' or `strict res judicata,' frequently called claim preclusion or `broad res judicata,' frequently called collateral estoppel or issue preclusion. Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.), 142 Pa. Commonwealth Ct. 176, 597 A.2d 182 (1991).
The concept of claim preclusion is that a final judgment on the merits by a court of competent jurisdiction precludes further action between the parties and their privies on the same cause of action. Id., 142 Pa.Commonwealth Ct. at 187, 597 A.2d at 187. Claim preclusion applies not only to issues litigated in the first proceeding but also to issues which should have been previously litigated, if they were part of *195 the same cause of action. Id., 142 Pa.Commonwealth Ct. at 187, 597 A.2d at 188.
The concept of issue preclusion `forecloses relitigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment.' Id. (quoting City of Pittsburgh v. Zoning Board of Adjustment, 522 Pa. 44, 55, 559 A.2d 896, 901 (1989)). `Unlike claim preclusion, there is no requirement that there be an identity of parties between the two actions to preclude relitigation of an issue, and issue preclusion may be asserted as either a `sword or a shield' by a stranger to the prior action as long as the party against whom it is asserted was a party or in privity with a party.' Id. (citations omitted). Issue preclusion prevents relitigation of issues that have `once been decided and have remained static, factually and legally.' Id. (citation omitted) (emphasis deleted).
Malone, 145 Pa.Commonwealth Ct. at 473, 603 A.2d at 711-12.
Skehan III and the federal court litigation both concerned Skehan's alleged improper dismissal and lack of due process. The appeal before us now, concerning Skehan's counterclaim for reinstatement and back pay, rests upon the same issues of improper dismissal and improper procedural due process guaranteed by the fourteenth amendment.[7] Furthermore, Skehan III held that res judicata bars further adjudication of these same causes of action, because these issues were raised or should have been raised in the federal action.
As we stated in Skehan III, because the federal court validly acquired jurisdiction, its jurisdiction extends to all ancillary matters. London v. City of Philadelphia, 412 Pa. 496, 194 A.2d 901 (1963). The doctrine of res judicata is violated, if relitigation of state claims in state court is permitted. Id.
In Skehan III, we also cited Mintz v. Carlton House Partners, Ltd., 407 Pa.Superior Ct. 464, 595 A.2d 1240 (1991), wherein the court explained that if the same evidence is required to support a final determination in a former action and in a subsequent action, res judicata bars the second action. An extensive review of the evidence presented at the *196 trials before both the district court and the state trial court here reveals that the same factual information was entered into evidence. The various courts made hundreds of findings of fact demonstrating the careful examination of the events that occurred at the time of Skehan's original termination in 1970. Furthermore, Skehan has always sought the same result, reinstatement and back pay, in both the federal courts and the state courts.
Specifically, some of the findings made by the federal court concern: (1) Skehan's contract for employment for the 1970-71 academic year, including the incorporation of BSC's policy guidelines into the contract; (2) the failure of BSC to provide a proper hearing prior to termination, which resulted in the court-ordered pre-termination hearings; (3) the reasons for Skehan's dismissal, based on his refusal to follow administrative directives; (4) Skehan's allegation that BSC dismissed him in retaliation for exercising his first amendment rights; and (5) the adequacy of the court-ordered pre-termination hearings.
There is no doubt that the federal court adjudicated all issues raised by the parties during the twelve years of litigation. Any issues, concerning the events surrounding Skehan's termination, that were not adjudicated, were obviously not raised at that time. Res judicata bars, not only that which was adjudicated, but also those unadjudicated issues that should have been raised. Malone.
Additionally, Skehan argues that BSC violated his right of academic freedom. Again, the federal court's prior determinations concerning this issue has a preclusive effect under res judicata. Skehan's counterclaim for defamation and intentional infliction of emotional distress is also barred under the doctrine of res judicata, because it should have been raised and litigated to conclusion in the federal action as an ancillary matter. Malone.
As noted above, the federal court found that Skehan had breached his contract with BSC by failing, as directed, to teach his assigned classes. Concluding that this issue, too, is *197 barred by res judicata, this Court will not entertain Skehan's request for reinstatement and back pay for the period of time beginning with his breach until the end of the academic year.
Therefore, we hold that the prior determinations by courts of competent jurisdiction are conclusive, because the issues presented here have been raised and decided before those courts.
Accordingly, we affirm the trial court.

ORDER
AND NOW, this 22nd day of May, 1992, the order of the Court of Common Pleas of the 26th Judicial District, Columbia County branch, in the above-captioned matter is hereby affirmed.
NOTES
[1] BSC named Deake G. Porter, another member of the faculty, as a co-defendant in its complaint. Porter, along with Skehan, counterclaimed for reinstatement and back pay. Porter was also a party in other actions filed in both federal and state court. Porter, however, is not an appellant in the case now before us.
[2] The protracted federal litigation resulted in a brief period of reinstatement with pay, in suspended status, in 1977, for the purpose of providing proper termination proceedings that were subsequently reviewed and approved by the federal courts. The federal litigation is reported at: Skehan v. Board of Trustees of Bloomsburg State College, 353 F.Supp. 542 (M.D.Pa.1973); 358 F.Supp. 430 (M.D.Pa.1973), vacated and remanded, 501 F.2d 31 (3d Cir.1974), vacated, 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474 (1975), remanded, 538 F.2d 53 (3d Cir.1976) (en banc), cert. denied, 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 588 (1976), on remand, 431 F.Supp. 1379 (M.D.Pa.1977), 436 F.Supp. 657 (M.D.Pa.1977), aff'd in part, rev'd in part, 590 F.2d 470 (3d Cir.1978), cert. denied, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979), on remand, 501 F.Supp. 1360 (M.D.Pa.1980), later proceeding, 669 F.2d 142 (3d Cir.1982), rehearing denied, 675 F.2d 72 (1982) (en banc), cert. denied, 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982).
[3] Commonwealth Court, in a separate action filed by Skehan, docketed at No. 1552 C.D. 1978, has granted BSC's second motion for summary judgment which was filed in response to Skehan's state law challenge to his federally-ordered pre-termination hearing. The summary judgment was granted on the basis that the doctrine of res judicata prevented Skehan from raising due process claims under state law, when he should have raised them in either the federal action or requested leave to amend to raise them in the state action on appeal here. See unreported memorandum opinions at Skehan v. Bloomsburg State College, No. 1552 C.D. 1978, filed June 8, 1988, (Skehan I) and Skehan v. Bloomsburg State College, No. 1552 C.D. 1978, filed January 9, 1989, (Skehan II), and Skehan v. Bloomsburg State College, No. 1552 C.D. 1978, filed April 30, 1992 (Skehan III).
[4] Commonwealth Court's scope of review in equity matters is limited to determining whether the trial court committed an error of law or abused its discretion. Greenacres Apartments, Inc. v. Bristol Township, 85 Pa.Commonwealth Ct. 572, 482 A.2d 1356 (1984). Facts found by a chancellor in a court of equity, when supported by competent evidence on the record, are binding on the appellate court; however, no such deference is required for conclusions of law. Northview Motors, Inc. v. Attorney General, 128 Pa.Commonwealth Ct. 54, 562 A.2d 977 (1989), petition for allowance of appeal denied, 525 Pa. 605, 575 A.2d 570 (1990).
[5] Pa.R.C.P. No. 1517 states:

(a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law; and (4) a decree nisi.
(b) The adjudication may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing.
[6] Pa.R.C.P. No. 1516 states:

The parties shall be prepared to argue the case immediately after the close of the evidence. No requests for findings of fact and conclusions of law may be submitted except by leave of court. These requests may be treated by the court as suggestions. They shall be filed with the adjudication.
[7] See n. 2.