649 A.2d 491

**COUNTY OF DELAWARE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (THOMAS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 3, 1994.

Decided Nov. 1, 1994.

232

234

Robert F. Kelly, for petitioner.

George J. Badey, III, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

The County of Delaware (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting Moses Thomas' (Claimant) claim petition and awarding him total disability benefits, costs, and attorney fees. The issues presented are whether the Board and the referee erred in determining that Claimant met his burden of proof; failed to consider all the issues; failed to render a "reasoned decision"; erred in awarding medical and legal costs when the costs were not submitted until after the record was closed; and whether Employer failed to establish a reasonable contest to the claim petition.

On May 17, 1991, Claimant filed a claim petition alleging that he suffered a severe back injury on March 24, 1991 while working as a correctional officer. Claimant testified, in pertinent part, that he worked at Employer's prison in Thornton, Pennsylvania, for three years and was assigned to maximum security or "D Block." Claimant injured his back on March 24, 1991 when he "kicked" a cell open to allow an inmate to retrieve a television from another inmate; he heard his spinal cord snap or pop when he pulled the lever to open the cell door and felt a "tight tension" in his lower back. Claimant advised his supervisor, Sergeant Glisserman, and the nurse of his injury; the nurse sent Claimant to Sacred Heart Hospital where x-rays were taken and medication prescribed for low back pain.

Claimant further testified that Leonard F. Hirsh, M.D., a neurosurgeon, operated on his lower back in May 1991; and since the surgery his back feels much better but the doctors have not yet released him to return to work. Claimant presented the medical records of Dr. Hirsh which indicated that Claimant's extruded herniated disc was directly related to his employment activities; and a report dated June 14, 1991 from Stewart Gordon, M.D., indicated that Claimant has a well-documented work-related lumbar disc injury with a guarded prognosis and will likely be out of work for one year recovering from his back injury.

Employer presented the deposition testimony of Claimant's co-workers, Jonathan Mark Wideman and Patrick M. Lewis, Dr. Gordon, and Sally A. Nathan, claims examiner. Wideman testified that on March 24, 1991, he overheard Claimant tell Sergeant Glisserman that he had pain in his leg or back but finds it difficult to believe that Claimant had time to go from roll call at approximately 3:50 p.m. to his assigned area and then arrive injured at the nurse's station at 4:00 p.m. Lewis testified that he worked with Claimant in D Block on the day in question; Claimant looked "okay" before their shift started; and although he did not see Claimant injure himself, he knew Claimant called either the supervisor or the nurse because he obtained relief from his duties.

Dr. Gordon testified that if Claimant had symptoms of a herniated disc such as pain in his back with radiation to his leg prior to the time he kicked the cell, there is no relationship between his employment and injury. However, if Claimant's account of how the injury occurred is true, Claimant's injury is work-related. Sally Nathan testified that Claimant's claim was denied because his back injury could have been caused by a motor vehicle accident in 1986, and Claimant told her that he was "kicking cells for medication."

I

The referee found, in pertinent part, that the testimony of Claimant and the medical records of Dr. Hirsh were credible, the testimony of Lewis was consistent with Claimant's to the extent that Lewis corroborated Claimant's testi-

mony that he was "okay" while doing his job prior to his injury. The referee further found the testimony of Wideman not credible because he testified to statements he overheard and Employer never called or gave a reason for not calling Sergeant Glisserman to confirm Wideman's testimony. The referee rejected Nathan's testimony as not credible and irrelevant, and determined that Employer's contest was unreasonable because Employer denied the claim for lack of medical evidence but only presented a factual dispute. He concluded that Claimant suffered a compensable injury in the nature of a herniated disc in the course and scope of his employment, granted the claim petition, and awarded medical expenses and attorney fees. The Board affirmed the referee.[1]

On appeal to this Court, Employer argues that Claimant failed to meet his burden of proof because Dr. Hirsh's records do not deal with whether Claimant's pre-existing back problems had any effect on his current disability. In addition, Employer contends that the referee did not render a "reasoned decision" and the Board did not consider whether the referee exercised an independent review of the record prior to issuing his decision adopting, verbatim, the proposed findings of fact submitted by Claimant's attorney which included findings that inaccurately recited testimony and contained statements taken out of context.

It is well settled that the burden is on a claimant to prove that his or her injury arose in the course of and was related to employment. *Krawchuk v. Philadelphia Elec. Co.*, 497 Pa. 115, 439 A.2d 627 (1981). Where the causal connection between an injury and an alleged work-related cause is not obvious, that connection must be established by unequivocal medical evidence. *Lewis v. Commonwealth*, 508 Pa. 360, 498

---

1. This Court's scope of review is limited to determining whether findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board (Zafran)*, 154 Pa.Commonwealth Ct. 276, 623 A.2d 887 (1993), *appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994).

A.2d 800 (1985). Furthermore, the referee, as the ultimate factfinder, must determine issues of credibility and may accept or reject testimony, *Spring Gulch Campground v. Workmen's Compensation Appeal Board (Schneebele)*, 148 Pa.Commonwealth Ct. 553, 612 A.2d 546 (1992), *appeal denied,* 533 Pa. 620, 619 A.2d 701 (1993); and may adopt, verbatim, findings of fact submitted by a party so long as substantial evidence in the record supports the findings. *Reinstadtler v. Workmen's Compensation Appeal Board (Egler, Anstandig, Garrett & Riley)*, 143 Pa.Commonwealth Ct. 429, 599 A.2d 266 (1991), *appeal denied,* 530 Pa. 649, 607 A.2d 258 (1992); *Sullivan v. Workmen's Compensation Appeal Board (Philadelphia Electric Co.)*, 120 Pa.Commonwealth Ct. 364, 548 A.2d 404 (1988).

■ The record is void of any evidence that Claimant suffered a pre-existing back condition in 1991. While Claimant admitted that he sustained a low back injury in an automobile accident in 1986, his testimony that he fully recovered from that injury prior to his employment with Employer was uncontested. The only evidence that Employer presented to challenge Claimant's account of when his injury occurred was the testimony of Wideman, which the referee rejected as not credible. Therefore, because Claimant's testimony regarding how his injury occurred and the medical records along with Dr. Gordon's June 14, 1991 report provide sufficient relevant evidence to support the referee's finding that Claimant suffered his injury in the course and scope of his employment, this Court will not disturb the referee's conclusion that Claimant satisfied his burden of proof.

■ In its appeal to the Board, Employer challenged the referee's findings of fact as not being supported by substantial evidence; claimed that his conclusions of law constituted an abuse of discretion or error of law because they were not based upon proper findings; and challenged the adequacy of the decision as a whole mainly because the referee did not conduct an independent review of the record. The Board and this Court have examined the record, including the testimony of each witness, and have determined that it contains substantial evidence to support the referee's findings which support

his conclusions of law and that all of the issues were properly considered by the referee. Thus the referee did not err in adopting Claimant's attorney's proposed findings of fact and the Board did not err in affirming the referee's decision. *See Reinstadtler; Sullivan.*

Employer's assertion that the referee's decision was not a "reasoned decision" is equally without merit because the referee rendered his decision on March 16, 1993, prior to the 1993 amendments to Section 422(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 834 which became effective August 31, 1993. *Shadyside Hosp./Heritage v. Workmen's Compensation Appeal Board (Berry),* 163 Pa.Commonwealth Ct. 152, 639 A.2d 1337, *appeal denied,* 538 Pa. 652, 647 A.2d 905 (1994). Prior to the 1993 amendments, the Act only required findings to be "sufficient to demonstrate that the [factfinding] function was performed." *Id.* at 161, 639 A.2d at 1342 (citing *McAfee v. Workmen's Compensation Appeal Board (Allegheny General Hosp.),* 134 Pa.Commonwealth Ct. 562, 579 A.2d 1363 (1990)). Here the referee's findings sufficiently demonstrate that the factfinding function was performed and allow meaningful appellate review because the referee clearly indicated which evidence he accepted, why he rejected certain testimony, and his findings are based upon substantial evidence.[2]

## II

### (a)

Employer further argues that it established a reasonable contest as its evidence supports its defense that Claimant's injury was not related to his employment but was the

---

**2.** Review of the record also demonstrates that Employer raised for the first time in its appeal to this Court the issue of whether a referee is precluded from accepting medical and legal costs submitted along with a claimant's proposed findings of fact and conclusions of law after the record is closed pursuant to an agreement between counsel for the parties and the referee. This issue is waived as it was not raised below and cannot be raised for the first time on appeal. Pa.R.A.P. 1551; *McMahon v. Workmen's Compensation Appeal Board (Volkswagen of America),* 135 Pa.Commonwealth Ct. 1, 581 A.2d 678 (1988), *aff'd,* (58 W.D.1989, filed October 19, 1990).

result of a prior motor vehicle accident; and, in the alternative, if fees were properly assessed, the case must be remanded for specific findings regarding the amount and degree of difficulty of work performed by Claimant's attorney. A prevailing claimant is entitled to an award of attorney fees pursuant to Section 440 of the Act, 77 P.S. § 996, unless an employer had a reasonable basis for contesting liability.[3] *McGuire v. Workmen's Compensation Appeal Board (H.B. Deviney Co.)*, 140 Pa.Commonwealth Ct. 68, 591 A.2d 372 (1991).

 Employers have the burden to establish that their contests are reasonable, *MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988), and the question of whether employers' contests are reasonable is one of law based on this Court's examination of the record. *Mason v. Workmen's Compensation Appeal Board (Wheeling–Pittsburgh Steel Corp.)*, 143 Pa.Commonwealth Ct. 539, 600 A.2d 241 (1991), *appeal denied*, 529 Pa. 671, 605 A.2d 335 (1992). A reasonable contest may be established where medical evidence is conflicting or is susceptible to contrary inferences and where there is an absence of evidence that the employer's contest was frivolous or filed for purposes of harassment. *Id.*

 The medical evidence in the record sub judice is not conflicting in that Employer's medical expert acknowledged that Claimant is disabled and concedes that if the injury occurred as Claimant insists it did, the injury is work related. Employer's claims examiner did not identify the basis for Employer's position and Lewis' testimony corroborated Claimant's account of the injury and directly conflicted with Wideman's theory that Claimant did not have time to sustain an injury in the manner he claimed. Therefore Employer's con-

3. Section 440 provides in pertinent part:
 In any contested case where the insurer has contested liability in whole or in part, ... the employe ... in whose favor the matter at issue has been finally determined shall be awarded ... a reasonable sum for costs incurred for attorney's fee ... Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

test rested on its unfounded belief that Claimant had residual injury from his 1986 automobile accident which caused him to be disabled. The only shred of evidence tending to support Employer's theory is Wideman's testimony that while engaged in conversation, he overheard Claimant complaining about being in pain. Clearly, Wideman's testimony alone would not support a finding that Claimant suffered a pre-existing condition, and falls short of establishing a reasonable basis for Employer's contest of Claimant's claim petition.[4]

### (b)

 Employer also filed a motion to quash a statement in Claimant's brief on pages 7–8 regarding Employer's filing of "obstructive procedural roadblocks" and refusal to pay Claimant's attorney fees despite, among other things, the denial of its request for supersedeas. Employer contends that the statement contains immaterial and irrelevant matters which do not appear in the record. Claimant's response asserts that the statement in dispute is relevant; and relies upon Pa. R.A.P. 2744 to request costs, counsel fees and delay damages for Employer's refusal to comply with the orders of the referee, the Board and this Court. This Court may award counsel fees and damages if it determines "that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Rule 2744. Because the challenged statement is relevant to Employer's conduct in this appeal, Employer's motion to quash must be denied.

 Nevertheless, Claimant's request for additional counsel fees and damages is likewise denied. Employer argued

---

**4.** Employer waived its entitlement to a remand for findings as to the reasonableness of the assessed attorney fees because it failed to raise the issue before the Board. *See Eidell v. Workmen's Compensation Appeal Board (Dana Corp.),* 155 Pa.Commonwealth Ct. 254, 624 A.2d 824 (1993) (failure to challenge the assessed amount of attorney fees in an appeal to the Board renders the issue waived before the Commonwealth Court); *Delaware Valley Fish Co. v. Workmen's Compensation Appeal Board (Woolford),* 151 Pa.Commonwealth Ct. 387, 393, 617 A.2d 48, 51 (1992) ("raising the issue of reasonableness of contest does *not* preserve the issue of whether the *amount* of attorney fees assessed by the referee was reasonable") (emphasis in original).

that there was conflicting evidence regarding Claimant's injury and whether it was related to his employment. This argument was not frivolous as it demonstrates a justiciable issue not entirely without merit. *See Mercy Catholic Medical Center v. Workmen's Compensation Appeal Board (Fry)*, 114 Pa.Commonwealth Ct. 218, 538 A.2d 636 (1988) (although an employer lacked a reasonable basis for contesting a claim, additional counsel fees and delay damages are not warranted unless the appeal is frivolous or taken solely for delay). Further, Claimant presented no evidence that Employer's conduct in this appeal was taken solely for delay or that Employer's conduct is dilatory, obdurate or vexatious.

Accordingly, Employer's motion to quash and Claimant's Rule 2744 request for attorney fees and damages are both denied, and the order of the Board is correspondingly affirmed.

## *ORDER*

AND NOW, this 1st day of November, 1994, Petitioner's motion to quash contents of the brief filed by Moses Thomas, and Moses Thomas' request for Pa.R.A.P. 2744 counsel fees and damages are denied. The order of the Workmen's Compensation Appeal Board is hereby affirmed.