# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Jackson, Jr.,                       :
                        Petitioner       :
                                         :
            v.                           :    No. 1447 C.D. 2018
                                         :    SUBMITTED:  November 15, 2019
Workers' Compensation Appeal Board       :
(Radnor School District and ACTS         :
Retirement Life Community),              :
                        Respondents      :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  August 4, 2020**


John Jackson, Jr., Claimant, petitions for review of the order of the Workers' Compensation Appeal Board reversing the orders of the Workers' Compensation Judge (WCJ) granting Claimant's petition to reinstate compensation benefits (second reinstatement petition) against Radnor School District (Radnor) and Claimant's claim petition for workers' compensation against ACTS Retirement Life Community (ACTS).  The Board's decision was based upon the principles of technical res judicata and collateral estoppel arising from this Court's decision in a case involving an earlier reinstatement petition (first reinstatement petition) against Radnor and a joinder petition against ACTS that was ultimately deemed untimely by the Board and this Court.  *See Jackson v. Workers' Comp. Appeal Bd. (Radnor Sch. Dist. and ACTS Ret. Cmty.)*, 148 A.3d 939 (Pa. Cmwlth. 2016) (Wojcik, J.)

(*Jackson I*). Claimant seeks reversal of the Board's decision as it pertains to his claim against ACTS.[1]

In *Jackson I*, Claimant filed his first reinstatement petition in April 2013 against Radnor related to an alleged worsening of an accepted 2002 injury. The original injury was to his left knee and occurred during the course and scope of his employment as a security guard with Radnor. Claimant received partial benefits from Radnor for 500 weeks while continuing to work for ACTS, where he had a more sedentary job as the guard in a gatehouse. In February 2013, ACTS altered the requirements for Claimant's job to make them non-sedentary and he was terminated from employment at ACTS because he could no longer do the tasks required of him. His last day of work at ACTS was March 31.

At a May 6, 2013 hearing on the first reinstatement petition, Claimant testified, *inter alia*, that his pain worsened during his employment with ACTS and attributed an increase in his pain to his physical duties.

During the course of an October 2, 2013 deposition taken in connection with the first reinstatement petition, Claimant's treating physician, William Murphy, D.O., opined that Claimant's duties at ACTS from 2002 to 2013 aggravated and made symptomatic Claimant's preexisting left knee condition. On October 22, 2013, Radnor filed a joinder petition against ACTS, alleging that Dr. Murphy had related Claimant's current disability in whole or in part to Claimant's concurrent employment with ACTS. ACTS filed an answer denying Radnor's allegations and objecting to the joinder petition as untimely filed.

---

[1] Claimant's arguments are focused on the Board's decision as it pertains to ACTS. Toward the end of his brief's argument section, Claimant concedes that the Board is correct with respect to Radnor: "as outlined above, because the joinder petition was procedurally defective, the [Board's d]ecision must stand only as to Radnor, not ACTS." (Claimant's Br. at 27.)

2

The WCJ issued a decision and order on the first reinstatement petition and the joinder petition on October 27, 2014 (2014 Decision). The WCJ found Claimant's testimony credible to establish that his increased knee pain was related to his work at ACTS but not to his injury while employed with Radnor in 2002. The WCJ further credited Dr. Murphy's testimony that Claimant's left knee injury was aggravated by his continued work at ACTS, but did not credit him to the extent that he related Claimant's injury to the 2002 injury. The WCJ credited Radnor's expert only insofar as his testimony was consistent with that of Dr. Murphy.

Based on these findings, the WCJ concluded that Claimant's disability was a new injury that resulted from an aggravation of his preexisting degenerative joint disease and was not causally related to his 2002 injury. The WCJ granted Radnor's joinder petition, treated Claimant's reinstatement petition as a claim petition against ACTS, granted that petition, and ordered ACTS to pay Claimant total disability benefits, including payments for reasonable and necessary medical treatment, effective March 31, 2013.

ACTS appealed to the Board on the ground, among others, that the WCJ had erred in overruling ACTS' objections to the joinder petition and finding that the joinder was timely filed. Relying upon our decision in *Pennsylvania Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board (Dudkiewicz)*, 89 A.3d 330 (Pa. Cmwlth. 2014), the Board held that Claimant's testimony on May 6, 2013, which attributed an increase in his pain to an increase in his physical duties, was evidence regarding a reason to join ACTS that triggered the twenty-day period for filing a joinder petition, 34 Pa. Code § 131.36, and concluded that Radnor's joinder petition was untimely. Accordingly, the Board reversed the WCJ's order.

3

Claimant appealed to this Court, which affirmed based upon *Dudkiewicz*. *Jackson I*, 148 A.3d at 945.

On February 3, 2016, during the pendency of the appeal to this Court on the first reinstatement petition, Claimant filed a second reinstatement petition against Radnor alleging a worsening of his condition as of April 29, 2015, and a claim against ACTS alleging that on March 30, 2013, he sustained an aggravation of his left knee condition from work-related activities. Claimant sought ongoing total disability benefits as of March 30, 2013, as well as payment of medical bills and counsel fees.

Claimant submitted as exhibits the testimony of himself and the deposition of Dr. Murphy taken during litigation of the first petition. In a new deposition, Dr. Murphy reiterated that it was his belief that Claimant had aggravated his left knee condition during the course of his employment with ACTS.

The WCJ issued a decision and order on July 16, 2017 (2017 Decision). The WCJ found that both the *first and second* reinstatement petitions against Radnor (noting that the joinder petition was ultimately reversed) and the claim petition against ACTS were before her. The WCJ's order granted the second reinstatement petition against Radnor and the claim against ACTS, concluding that Claimant established an aggravation of a preexisting condition caused by his original work injury and continued employment with ACTS, culminating in total disability as of March 31, 2013. The WCJ ordered Radnor and ACTS to each pay one half of total disability benefits based on earnings at ACTS as of March 31, 2013, and medical benefits.

Radnor and ACTS each appealed the 2017 Decision to the Board. Radnor argued that the WCJ should have granted its motion to dismiss the second

4

reinstatement petition because the first reinstatement petition was not before her for consideration and Claimant was barred from litigating a second reinstatement petition. Radnor also argued that the WCJ erred in not denying the second reinstatement petition on the merits. ACTS argued that the WCJ failed to consider its defenses of technical res judicata[2] and collateral estoppel and failed to issue a reasoned decision.

The Board reversed the order of the WCJ, finding that the matter was barred by the doctrines of technical res judicata and collateral estoppel. Although the Board recognized that the reversal of the WCJ's determination on the first reinstatement petition and joinder petition was based on the untimeliness of the joinder petition, it relied on the fact that the WCJ had issued a complete decision and order (the 2014 Decision) and that no part of that decision was preserved in whole or in part.

On appeal, Claimant raises the following argument, rephrased slightly[3]:

> The doctrines of collateral estoppel and res judicata preclude a party from relitigating an issue of law or fact only when the issue was actually litigated and decided on the merits.

---

[2] The general term res judicata encompasses two related yet distinct principles: technical res judicata or claim preclusion and collateral estoppel or issue preclusion. *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001). We take references to "res judicata" by ACTS and the Board to refer to technical res judicata. (*See* ACTS' Appeal from 2017 Decision, Reproduced Record "R.R." at 52a; *see also* Board Op. filed October 5, 2018, R.R. 70a-85a.)

[3] This summary of the argument differs from the statement of questions involved. (Claimant's Br. at 5.) For clarity, we address the arguments as they are presented in the body of the brief.

5

(Claimant's Br. at 14.) Claimant asserts that the dismissal of the joinder petition as untimely was procedural and not substantive, meaning that he is not barred by collateral estoppel or technical res judicata. Claimant also asserts that the requisite elements of collateral estoppel and technical res judicata are not present in this case with respect to ACTS.

The preclusion doctrine provides that when a *final judgment on the merits* exists, a future suit between the parties on the same cause of action is precluded. *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001). Collateral estoppel, or issue preclusion, acts to foreclose litigation in a later action of issues of law or fact that were actually litigated and necessary to a previous final judgment. *Id.* Technical res judicata, or claim preclusion, applies when the following four factors are all met: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Id.* at 365-366. This doctrine applies to claims that were actually litigated as well as those matters that should have been litigated. *Id.* Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings. *Id.* Moreover, where "the same evidence is required to support a final determination in a former action and in a subsequent action, res judicata bars the second action." *Robinson v. Fye*, 192 A.3d 1225, 1231 (Pa. Cmwlth. 2018) [quoting *Commonwealth ex rel. Bloomsburg State Coll. v. Porter*, 610 A.2d 516, 520 (Pa. Cmwlth. 1992)].

Since Claimant has conceded that the Board's decision is correct with respect to Radnor, we need not discuss that question further except to note our agreement that the claim against Radnor was fully and finally adjudicated on the

merits in the first reinstatement petition proceedings and all the factors necessary to establish collateral estoppel are satisfied.

With respect to ACTS, however, the Board's finding of technical res judicata cannot stand. While the four enumerated factors set out above may have been met, ACTS cannot satisfy the threshold prerequisite that the first petition resulted in a final judgment *on the merits*. As Claimant points out, the claim against ACTS was dismissed solely on the ground that its joinder was untimely. Indeed, had the WCJ's decision on the first reinstatement petition been affirmed on the merits, it would appear that Claimant would now be in a position to assert collateral estoppel against ACTS.

In light of the foregoing, we affirm the decision of the Board as to Radnor and reverse its decision as to ACTS, which shall be liable for 100% of Claimant's benefits.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Judge Cohn Jubelirer and Judge Fizzano Cannon did not participate in the decision for this case.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Jackson, Jr.,                      :
                        Petitioner      :
                                        :
        v.                              :    No. 1447 C.D. 2018
                                        :
Workers' Compensation Appeal Board      :
(Radnor School District and ACTS        :
Retirement Life Community),             :
                        Respondents     :

## **O R D E R**

AND NOW, this 4th day of August, 2020, the order of the Workers' Compensation Appeal Board is AFFIRMED as to Radnor School District, but is REVERSED as to ACTS Retirement Life Community. The matter is REMANDED for any necessary computation of benefits against ACTS, including interest and costs, in accordance with the foregoing opinion.

Jurisdiction is relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge