BLD-260                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4144
_____

MARK ANTHONY ROBINSON,

Appellant

v.

SECRETARY JOHN WETZEL; MARIROSA LAMAS;
JEFFERY HORTON; ROBERT MARSH,
Deputy Superintendent, PRC Member;
TIMOTHY MILLER, Corrections Classification and
Inmate Program Manager, PRC Members, SCI Rockview
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-11-cv-02194)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 2, 2015
Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 14, 2015)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Mark A. Robinson, a prisoner, filed suit against prison officials under 42 U.S.C. § 1983 claiming that they transferred him to the Special Management Unit ("SMU") as retaliation for filing prison grievances and lawsuits, and did so with deliberate indifference to his mental health needs and in violation of his due process rights.[1]  The defendants moved for summary judgment, which the District Court granted.  Robinson appealed.

We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We may affirm a district court for any reason supported by the record.  Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).  We will summarily affirm the District Court because this appeal does not present a substantial question.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly granted summary judgment on Robinson's claim that he was transferred to the SMU in retaliation for filing unspecified grievances and lawsuits.  A prisoner litigating a retaliation claim must show that the conduct provoking the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of the prison officials "sufficient to deter a person of ordinary

_____

[1] Because we write solely for the benefit of the parties, we only include the facts relevant to our decision.

2

firmness from exercising his [constitutional] rights," and that the constitutionally protected conduct was a substantial motivating factor in the defendant's conduct. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted). If a plaintiff can establish a prima facie case of retaliation, the burden shifts to the defendant "to demonstrate that even without the impetus to retaliate he would have taken the action complained of." Hartman v. Moore, 547 U.S. 250, 260 (2006).

Even assuming Robinson established a prima facie case of retaliation, summary judgment was appropriate because the prison officials established that Robinson was transferred to the SMU because he was continually disruptive, dangerous, and violent, not because he filed numerous lawsuits and grievances against prison staff. Specifically, the prison officials provided evidence showing that Robinson was found guilty of numerous misconducts for threatening staff and assaulting other inmates and that these rulings were upheld on review. The evidence further showed that two prison psychologists evaluated Robinson and recommended his SMU-transfer. Neither psychologist was named as a defendant or alleged to have acted with a retaliatory motive. Moreover, although Robinson submitted evidence in opposition to summary judgment, his submissions do not reveal any retaliatory motive for his transfer to the SMU. Given the evidence of Robinson's disruptive behavior, we cannot say that the prison officials' decision to transfer him to the SMU was not within the broad discretion that we must afford them. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002). We conclude

3

that there is no genuine issue of material fact that the decision to transfer Robinson to the SMU was "reasonably related to legitimate penological interests," Turner v. Safley, 482 U.S. 78, 89 (1987), and that he would have been transferred because of his continually disruptive behavior, notwithstanding any desire to retaliate against him.

Summary judgment was also appropriate on Robinson's Eighth Amendment claim. Robinson alleged that the decision to place him in the SMU was made with deliberate indifference to his mental-health needs. However, the evidence shows that, before he was ever considered for transfer to the SMU, Robinson was transferred to the Special Assessment Unit over concerns about his mental health. At the Special Assessment Unit, two licensed psychologists evaluated his mental health and made recommendations for his future placement. The evidence further shows the prison psychologists—not the named defendants—recommended Robinson's transfer to the SMU. There is no evidence in the record suggesting that the defendants were deliberately indifferent to Robinson's mental health needs, see Estelle v. Gamble, 429 U.S. 97, 105 (1976), and the District Court properly awarded summary judgment on that claim.

We will also affirm the District Court's award of summary judgment on Robinson's due process claim. Robinson claimed that, under the Due Process Clause of the Fourteenth Amendment, he was entitled to a hearing before being transferred to the SMU. However, Robinson's placement in the SMU did not constitute a dramatic

4

departure from the accepted standards for conditions of confinement such that due process was implicated. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Placement in administrative segregation for days or months at a time does not implicate a protected liberty interest. See Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002) (no liberty interest in avoiding 120 days of administrative custody); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (conditions in administrative segregation do not impose "atypical or significant hardship"). Due process concerns arise when the conditions of confinement impose "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. In his motion opposing summary judgment, Robinson claimed that he suffered "atypical environmental [sic] significant hardships," but he did not explain the way in which the conditions in the SMU were atypical or created such hardship. Moreover, the record contains no evidence suggesting that Robinson's transfer to the SMU constituted a departure from the accepted standards for confinement conditions or created an atypical hardship. Therefore, we will summarily affirm the District Court's conclusion that Robinson's transfer to the SMU did not implicate a protected liberty interest.

Accordingly, we will summarily affirm the judgment of the District Court. Furthermore, Robinson's motion for appointment of counsel on appeal is denied.