# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Anthony Robinson,         :
            Appellant      :
                             :
         v.              :    No. 1694 C.D. 2017
                             :    Submitted:  April 20, 2018
Officer Fye, Marirosa Lamas,     :
Jeffrey Horton, Robert Marsh,     :
Timothy Miller, Lynn Eaton,       :
Lieutenant Sutton, Lieutenant     :
Davis and David Kuhn          :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE COHN JUBELIRER                   FILED:  August 17, 2018

Mark Anthony Robinson (Robinson), pro se, appeals an Order of the Court of Common Pleas of Centre County (common pleas) dismissing Robinson's causes of action, which he filed under 42 U.S.C. § 1983 (Section 1983)[1] alleging that his

---

[1] Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable

constitutional rights were violated by a number of Pennsylvania Department of Corrections' (DOC) employees while he was an inmate at the State Correctional Institution at Rockview (SCI-Rockview). Pursuant to Section 6602(e) of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. § 6602(e),[2] common pleas dismissed Robinson's causes of action on the grounds that they were barred by the doctrines of res judicata and collateral estoppel. This Court now affirms.

## I.    Background

Robinson commenced this action on March 8, 2013. Preliminary objections to Robinson's complaint were filed, as was a motion for leave to amend the complaint, both of which common pleas granted. Robinson filed an Amended

---

exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

[2] Section 6602(e) of the PLRA states the following:

**(e) Dismissal of litigation.**--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

(1) The allegation of indigency is untrue.

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

The court may reinstate the prison conditions litigation where the dismissal is based upon an untrue allegation of indigency and the prisoner establishes to the satisfaction of the court that the untrue information was not known to the prisoner.

42 Pa. C.S. § 6602(e) (emphasis in original).

Complaint on July 5, 2013.[3]  In his Amended Complaint, Robinson named nine employees of SCI-Rockview as defendants:  Superintendent Marirosa Lamas; Deputy Superintendents and Program Review Committee (PRC) members Jeffrey Horton and Robert Marsh; Corrections Classification and Inmate Program Manager and PRC member Timothy Miller; Security Captain and PRC member Lynn Eaton; Lieutenants Davis and Sutton; Officer Fye; and Hearing Examiner David Kuhn (collectively Defendants).  Robinson alleged that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution[4] in retaliation for the grievances and lawsuits that he filed against employees of SCI-Rockview.  Specifically, Robinson alleged that he was subjected to unwarranted misconduct charges for which he was found guilty by a biased hearing examiner; an unwarranted transfer to the Special Management Unit (SMU) at SCI-Camp Hill; an unjust placement into the restrictive housing unit (RHU) at SCI-Rockview; and a denial of needed psychological care during his time at SCI-Rockview from March 2009 to August 2011.  Robinson also alleged that Deputy Superintendent Marsh initiated a "champaign [sic] of retaliation, instructing, ordering and approving SCI-Rockview's staff and employees [sic] filing of retaliatory misconduct reports against [Robinson] designed to cause [Robinson]

---

[3] Preliminary objections were filed to the Amended Complaint, which were sustained in part and overruled in part.

[4] The First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. CONST. amend. I.  The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.  The Fourteenth Amendment states, in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.

3

unjust and unwarranted time inside of the RHU . . . ." (Amended Complaint (Am. Compl.) ¶ 9.)

On May 23, 2016, Defendants filed an Answer with New Matter, denying the allegations. The New Matter asserted the defenses of lack of administrative exhaustion, failure to state a claim upon which relief can be granted, and qualified immunity. (Defendants' Answer to Am. Compl. ¶¶ 47-51.) The New Matter did not assert res judicata or collateral estoppel as bases for dismissing the claim.

Defendants subsequently filed a Motion for Dismissal Pursuant to 42 Pa. C.S. § 6602(e) (Motion) on March 8, 2017. The Motion asserted that the doctrines of res judicata and/or collateral estoppel applied to Robinson's claims because they were "nearly identical to the allegations and claims raised" in a federal court action that Robinson previously filed in 2012, in which judgment was entered in Defendants' favor (Federal Court Action). (Motion ¶¶ 12-15.) Robinson had filed his complaint in federal court (Federal Complaint)[5] under Section 1983, alleging that his constitutional rights protected by the First, Eighth, and Fourteenth Amendments were violated by employees of SCI-Rockview during his incarceration at that prison from March 2009 to August 2011 and his subsequent transfer to the SMU at SCI-Camp Hill. The Federal Complaint named five defendants, four of whom are also named as defendants in the present action: Superintendent Lamas; Deputy Superintendents Marsh and Horton; and PRC member Miller.[6] The defendants had moved for summary judgment, which the United States District Court for the Middle

---

[5] Robinson subsequently filed an Amended Complaint in the Federal Court Action, which will hereinafter be referred to as the "Federal Complaint" and abbreviated as "(Fed. Am. Compl.)." The Federal Complaint, the docket in the Federal Court Action, and the federal courts' decisions were attached to the Motion.

[6] The fifth defendant named in Robinson's Federal Court Action was John Wetzel, who is the Secretary of Corrections. Secretary Wetzel is not named as a defendant in the current action.

4

District of Pennsylvania (District Court) granted. The District Court found, as a matter of law, that: (1) no First Amendment claim could lie for the misconduct charges or placement into the SMU because these actions were not retaliatory; (2) placement into the SMU program was not "cruel and unusual" in violation of the Eighth Amendment; and (3) Robinson's right to due process under the Fourteenth Amendment was not violated when he was placed into the SMU without a hearing. *Robinson v. Wetzel*, No. 3:11-CV-2194, 2014 WL 11456082, at *7-11 (M.D. Pa. June 25, 2014), *recommendation adopted*, 2014 WL 11456595 (M.D. Pa. Sept. 29, 2014) (*Robinson I*). The United States Court of Appeals for the Third Circuit (Third Circuit), in an unreported, *per curiam* opinion, affirmed the District Court's order dismissing Robinson's constitutional claims. *Robinson v. Wetzel*, 617 F. App'x 120, 122 (3d Cir. 2015).

In response to the Motion, Robinson argued that res judicata and collateral estoppel were waived under the Pennsylvania Rules of Civil Procedure because Defendants did not assert these defenses in their New Matter.

On October 20, 2017, common pleas granted the Motion and dismissed the action. Common pleas found that the doctrines of res judicata and collateral estoppel applied to Robinson's claim, "[i]n light of the thorough review and treatment of [Robinson's] causes of action in the Federal Court Action . . . ." (Common Pleas Order, Oct. 20, 2017.) Finding that Robinson "is not prejudiced by the procedural irregularity, [common pleas] conclude[d] that substantive justice and judicial economy are best served by treating the allegations in Defendants' Motion . . . as an amendment of Defendants' original New Matter by leave of court." (*Id.*)

Robinson timely appealed common pleas' Order, claiming that res judicata and collateral estoppel do not apply. Robinson further argues that Defendants

5

waived the defenses of res judicata and collateral estoppel by failing to assert these defenses in their New Matter, and that the trial court committed an error of law, abused its discretion, and prejudiced him by *sua sponte* treating the Motion as an addendum to Defendants' New Matter.[7] We address these issues in turn.

## II.    Analysis

### 1.    *Applicability of Res Judicata and Collateral Estoppel*

Common pleas found that res judicata and collateral estoppel applied and barred Robinson's action because the underlying issues in this action had already been adjudicated with finality in the Federal Court Action he brought in 2012. The entirety of Robinson's argument that this was error is: "The standards for res judicata and collateral estoppel simply do not apply in the [sic] case," a statement which Robinson follows up with two citations to case law. (Robinson's Brief (Br.) at 9.)[8]

Defendants contend that res judicata and collateral estoppel are applicable and bar this action because Robinson's claims and allegations are the same as those he asserted in the Federal Court Action, which the District Court dismissed after a thorough review, and the Third Circuit upheld. Defendants concede that some specifically named Defendants in the present action were not named as defendants

---

[7] We have consolidated the waiver issue and the *sua sponte* addendum issue because the analysis for both is inseparable and substantially similar. In addition, we have reordered the issues on appeal to first examine the applicability of res judicata and collateral estoppel before we determine whether Robinson's action was properly dismissed.

[8] In *Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014), the Pennsylvania Supreme Court found that "to the extent the appellant's claims fail to contain developed argument or citation to supporting authorities and the record, they are waived . . . ." Although Robinson's argument on this issue is neither developed nor contains citation to the record, it does cite case law. Thus, we will not find that Robinson has waived this issue.

in the Federal Court Action. Nevertheless, Defendants contend that res judicata still applies because the DOC administrators named as defendants in the Federal Court Action sufficiently represented these new Defendants' interests. Moreover, Defendants claim that some of the newly named Defendants are, or were, subordinates of defendants named in the Federal Court Action.

At the outset, we note that technical res judicata (claim preclusion) and collateral estoppel (issue preclusion) are "related, yet distinct" components of the doctrine known as res judicata. *J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) (citation omitted). Res judicata, or claim preclusion, applies only when there exists a "coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *Id.* When res judicata applies, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). Beyond precluding just those claims that were "actually litigated" in the first adjudication, res judicata also precludes those "claims which **could have been litigated** during the first proceeding if they were part of the same cause of action." *Id.* (emphasis added). Relevant to this case, res judicata can apply in such a way as to bar suits brought in state court that involve claims that were litigated or should have been litigated in a previous federal suit. *See London v. City of Phila.*, 194 A.2d 901, 902-03 (Pa. 1963) (holding that claim that could have been asserted in previous federal court action could not be litigated in subsequent state court action). Moreover, where "the same evidence is required to support a final determination in a former action and in a subsequent action, res judicata bars the

7

second action." *Commonwealth ex rel. Bloomsburg State Coll. v. Porter*, 610 A.2d 516, 520 (Pa. Cmwlth. 1992).

Collateral estoppel or issue preclusion renders issues of fact or law, *McNeil v. Owens-Corning Fiberglas Corporation*, 680 A.2d 1145, 1147-48 (Pa. 1996), incapable of relitigation in a subsequent suit if, in a prior suit, these (1) same issues were (2) "necessary to [a] final judgment on the merits . . . [and (3)] the party against whom [issue preclusion] is asserted [was] . . . a party, or [was] . . . in privity with a party[] to the prior action and . . . [(4)] had a full and fair opportunity to litigate the issue in question," *Balent*, 669 A.2d at 313. Collateral estoppel is designed to "protect[] litigants from assuming the burden of re-litigating the same issue with the same party . . . and [to] promot[e] judicial economy through preventing needless litigation." *McNeil*, 680 A.2d at 1148.

In evaluating the effect of the decision in Robinson's prior federal suit, we must consider that "[a] judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal." *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996) (emphasis omitted) (citation omitted). In addition, the Pennsylvania Supreme Court has found that, with regard to collateral estoppel, a "final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Id.* at 875 (citing Restatement (Second) of Judgments § 13 (Am. Law Inst. 1980)) (quotation omitted).

Under the first element of res judicata, we evaluate whether the things that Robinson sued upon or for in both the present suit and the Federal Court Action are identical. In the present suit, Robinson sued Defendants under Section 1983 alleging certain of their actions violated his First, Eighth, and Fourteenth Amendment rights

8

during his incarceration at SCI-Rockview from March 2009 to August 2011. Robinson seeks declaratory relief and compensatory and punitive damages for mental and emotional harm. In the Federal Complaint, he similarly sought declaratory judgment for constitutional violations based on the allegedly wrongful acts of the defendants during Robinson's incarceration at SCI-Rockview from March 2009 to August 2011, as well as compensatory and punitive damages for the mental and emotional harm caused by the defendants' actions. Because these are identical in both this lawsuit and Robinson's Federal Court Action, the first element of res judicata is satisfied.

We next address the second element of res judicata, which involves an evaluation of whether the present cause of action is identical to the Federal Complaint. Identity of the causes of action under the second element of res judicata exists "when the subject matter and the ultimate issues are the same in both the old and new proceedings." *Cellucci v. Laurel Homeowners Ass'n*, 142 A.3d 1032, 1049 (Pa. Cmwlth. 2016) (citation omitted). In Robinson's amended complaints from both his Federal Court Action and the present action, he claims that various employees of SCI-Rockview violated his First, Eighth, and Fourteenth Amendment rights during his incarceration from March 2009 to August 2011. The Federal Complaint focused on the constitutional violations that he claimed arose from the circumstances surrounding his allegedly retaliatory transfer from SCI-Rockview to the SMU at SCI-Camp Hill on August 23, 2011. In contrast, Robinson's Amended Complaint in the present action made little mention of this allegedly retaliatory transfer into the SMU;[9] instead, it focused on the alleged constitutional violations arising from other actions carried out by Defendants during the same time period.

---

[9] However, in the present suit, Robinson also alleges that his transfer to the SMU at SCI-Camp Hill was retaliatory.

However, a closer inspection of the Federal Complaint reveals that Robinson also alleged there the same conduct that forms the basis of his Amended Complaint here. In particular, the Federal Complaint alleged that, during Robinson's time at SCI-Rockview, Deputy Superintendent Marsh masterminded an initiative to: subject Robinson to unwarranted and false misconduct charges, which caused Robinson to spend inordinate amounts of time in the RHU; to influence Hearing Examiner Kuhn to ensure that Robinson was found guilty at misconduct hearings; and to deny Robinson the psychological care he needed. (Fed. Am. Compl. ¶¶ 14-15, 17.) The Federal Complaint also claimed that Deputy Superintendent Marsh's initiative aimed to retaliate against Robinson for the lawsuits and grievances that Robinson previously filed. (*Id.* ¶ 15.) Furthermore, the Federal Complaint generally alleged that all of these actions were "constitutional violations" and that the PRC members, superintendents, and Secretary of Corrections John Wetzel failed to remedy these alleged violations when Robinson appealed to them. (*Id.* ¶¶ 18-20.)

Just as in the Federal Court Action, Robinson's Amended Complaint here alleges that, in retaliation for his filing of lawsuits and grievances against SCI-Rockview employees, Deputy Superintendent Marsh launched an initiative to: subject Robinson to constant, false misconduct charges, which led to Robinson's constant confinement in the RHU; ensure that Hearing Examiner Kuhn consistently found him guilty of these charges; and ensure that Robinson did not receive the psychological care he needed. (Am. Compl. ¶¶ 9, 11, 14-16.) Similar to Robinson's Federal Court Action, here he also alleges that his appeals to members of the PRC and the superintendents to remedy the constitutional violations were ignored. (*Id.* ¶¶ 13, 17, 20.)

10

Overall, Robinson's constitutional claims in this case were set forth in his Federal Court Action, which the District Court dismissed as a matter of law. In the present suit, Robinson more specifically details the allegedly unlawful conduct. (*Id.* ¶¶ 24-32.) However, Robinson essentially made the same allegations in his Federal Complaint when he generally claimed that these same actions violated his constitutional rights. (Fed. Am. Compl. ¶¶ 18-19.) Robinson's prior Federal Court Action covered the same subject matter as the present action: his disciplinary record; conditions of confinement; and his mental health while he was an inmate at SCI-Rockview from March 2009 to August 2011. Furthermore, the ultimate issues in this action were included in the Federal Court Action. These are whether, in retaliation for his filing of lawsuits and grievances, Robinson was subjected to and found guilty of false misconduct charges by a biased hearing examiner; unwarranted disciplinary confinement resulting from those guilty findings; unwarranted denial of proper psychological treatment; and an unwarranted failure on the part of the administrators to remedy all of this wrongdoing. In granting the defendants' motion for summary judgment, the District Court found Robinson's claims meritless. *Robinson I*, 2014 WL 11456082, at *7-11. Furthermore, since Robinson's claims in this action were also set forth in his Federal Court Action and such claims center on his time at SCI-Rockview from March 2009 to August 2011, a decision in both actions must essentially be made on the same set of facts. This includes Robinson's misconduct findings and his appeals of those findings during that time period. The evidence relevant to a resolution of both actions is, thus, substantially the same. Robinson's cause of action here is the same as in his prior Federal Court Action, thus satisfying the second element of res judicata (claim preclusion).

11

With regard to identity of the parties, the third element of res judicata, this Court has held that privity between the parties to past and present suits under both claim and issue preclusion can exist when the parties to such suits bear an agency relationship. *See Montella v. Berkheimer Assocs.*, 690 A.2d 802, 804 (Pa. Cmwlth. 1997) ("Generally, parties are in privity if one is vicariously responsible for the conduct of another, such as principal and agent or master and servant.") (citation omitted). Overall, privity between parties lies when there exists "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Id.* (quotation omitted).

Superintendent Lamas, Deputy Superintendents Marsh and Horton, and PRC member Miller are Defendants named in the present suit who were also defendants in Robinson's Federal Court Action. The Amended Complaint here alleges that they failed to remedy the wrongdoing of their "subordinate staff." (Am. Compl. ¶¶ 24-27.) Security Captain Eaton, a Defendant named in the present action but not the Federal Complaint, is an administrative officer and PRC member who allegedly failed to remedy the wrongdoing of subordinate employees at SCI-Rockview. (*Id.* ¶ 28.) Therefore, Security Captain Eaton was in privity with the federal defendants because they, as administrators, similarly were accused of failing to remedy the wrongdoing of their subordinates. The other new Defendants named in this suit are Lieutenants Davis and Sutton, Officer Fye, and Hearing Examiner Kuhn. (*Id.* ¶¶ 29-32.) They were also in privity with the federal defendants because they are subordinates of those defendants. Therefore, all of the new Defendants in the present suit were in privity to the defendants in Robinson's Federal Court Action, thus satisfying the third element of res judicata.

12

Finally, the fourth element of res judicata, identity of the capacity in which the parties are sued, is met. The defendants named in the Federal Court Action and the present case are being sued in their official capacity as DOC employees. Furthermore, the new Defendants that were in privity with the federal defendants are also being sued in their official capacity. Therefore, all of the Defendants are being sued in the same official capacity as the defendants in Robinson's Federal Court Action, thus satisfying the fourth element of res judicata.

Because we agree with common pleas that res judicata bars Robinson's suit in this action, we technically need not also examine the applicability of collateral estoppel, or issue preclusion, to Robinson's suit. However, we do so for the sake of completion. As stated above, collateral estoppel renders issues of fact or law, *McNeil*, 680 A.2d at 1147-48, incapable of relitigation in a subsequent suit if, in a prior suit, these (1) same issues were (2) "necessary to [a] final judgment on the merits . . . [and (3)] the party against whom [issue preclusion] is asserted [was] . . . a party, or [was] . . . in privity with a party[] to the prior action and . . . [(4)] had a full and fair opportunity to litigate the issue in question," *Balent*, 669 A.2d at 313. The first element of collateral estoppel is met because the issues in the Federal Court Action are identical to the issues in this case. These issues are: whether Robinson was subjected to false misconduct charges; subsequent disciplinary actions stemming from those misconduct charges; and the denial of psychological treatment at SCI-Rockview from March 2009 to August 2011, all in retaliation for Robinson's filing of lawsuits and grievances against DOC employees. Furthermore, the issues were necessary to the final judgment in the Federal Court Action, satisfying the second element of collateral estoppel. The third element of collateral estoppel is met because Robinson was a party to the Federal Court Action and he is the party against

13

whom collateral estoppel is now being asserted. Lastly, Robinson had a full and fair opportunity to litigate these issues in the Federal Court Action, and he was afforded an opportunity to amend his complaint. Yet, the District Court found Robinson's claims were meritless. While Robinson more specifically details the lawsuits and grievances that allegedly prompted the retaliation in his Amended Complaint here, he is estopped from relitigating the issues regarding whether he was subjected to retaliatory acts by Defendants.

The District Court reviewed the misconduct charges and subsequent disciplinary sanctions that Robinson faced from March 2009 to August 2011 and found these actions were neither false nor retaliatory. The District Court also found that Robinson's transfer to the SMU was not retaliatory and that the staff at SCI-Rockview actually demonstrated considerable concern for his mental health as indicated by their efforts to have him evaluated by mental health professionals so that his needs could be met. *Robinson I*, 2014 WL 11456082, at *7-11. Because the elements of collateral estoppel are also satisfied, Robinson is barred from relitigating these issues here.

### 2. *Waiver of the Affirmative Defenses*

Having concluded that res judicata and collateral estoppel apply, we must determine whether Defendants waived the defenses by not raising them in their New Matter. Robinson claims they have, and in support of this argument, he cites Pennsylvania Rules of Civil Procedure 1030 and 1032, Pa.R.C.P. Nos. 1030 and 1032, which require affirmative defenses to be raised as new matter to avoid waiver. (Robinson's Br. at 8.) Robinson also argues that it was an abuse of discretion, an error of law, and prejudicial to him for common pleas to *sua sponte* treat the

affirmative defenses in Defendants' Motion as an addendum to their New Matter. He argues that Defendants should have instead sought leave of court to amend their New Matter. (*Id.* at 9.)

Defendants argue that Section 6602(e) of the PLRA permits the dismissal of Robinson's claims because, under this statute, the affirmative defenses of res judicata and collateral estoppel warrant dismissal at any time if these defenses could validly be asserted during the course of prison conditions litigation.[10] (Defendants' Br. at 6-7.) Defendants argue that the PLRA's goal is to promote judicial economy by the swift dismissal of meritless claims. (*Id.* at 6.) Overall, Defendants contend that Section 6602(e) of the PLRA provides them with the leeway they need to avoid waiver despite their assertion of these defenses in a motion to dismiss, rather than as new matter in a responsive pleading.

In order to determine whether Defendants waived their defenses of res judicata and collateral estoppel, or whether the PLRA permits the trial court to dismiss the case based on those defenses, we first examine Rules 1030 and 1032 of the Pennsylvania Rules of Civil Procedure and Section 6602(e) of the PLRA. Rule 1030(a) states:

> (a) Except as provided by subdivision (b), **all affirmative defenses including** but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, **res judicata**, statute of frauds, statute of limitations, truth and waiver **shall be pleaded in a responsive pleading under the heading "New Matter"**. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

---

[10] Robinson does not dispute that this suit qualifies as prison conditions litigation.

Pa.R.C.P. No. 1030(a) (emphasis added).

Rule 1032(a) provides:

(a) **A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply,** except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.C.P. No. 1032(a) (emphasis added).

Section 6602(e)(2) of the PLRA states:

**(e) Dismissal of litigation.--**Notwithstanding any filing fee which has been paid, **the court shall dismiss prison conditions litigation at any time**, including prior to service on the defendant, **if the court determines** any of the following:

\* \* \*

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or **the defendant is entitled to assert a valid affirmative defense**, including immunity, **which, if asserted, would preclude the relief.**

42 Pa. C.S. § 6602(e)(2) (first emphasis in original; subsequent emphasis added).

In the absence of the PLRA, res judicata and the related principle of collateral estoppel would be defenses that must be pleaded under Rule 1030 as new matter in a responsive pleading, lest the defenses be waived under Rule 1032. However, Section 6602(e) of the PLRA permits a court to dismiss prison conditions litigation **at any time** if the court finds that an affirmative defense, such as res judicata and collateral estoppel, could be validly raised.

16

That the PLRA allows for dismissal of prison conditions litigation without strict compliance with Rules 1030 and 1032 is supported by case law and the policy behind the PLRA. In *Payne v. Department of Corrections*, a group of inmates claimed that a number of PLRA provisions, including Section 6602(e), violated the Pennsylvania Supreme Court's "exclusive authority to prescribe rules of practice and procedure pursuant to Article V, Section 10(c) of the Pennsylvania Constitution." 871 A.2d 795, 799 (Pa. 2005). The Supreme Court rejected the inmates' claim, holding that, "[r]ather than establishing a method or procedure to enforce a substantive right, Section 6602(e) regulates the substantive right to file prison conditions litigation due to the Legislature's belief that such claims are particularly prone to being frivolous and therefore subject to summary dismissal." *Id.* at 802. Thus, the Pennsylvania Supreme Court indicated that Section 6602(e) of the PLRA provides grounds for the swift dismissal of often frivolous cases, despite the strictures of the Court's rules of procedure.

We have also previously held that a trial court could *sua sponte* dismiss prison conditions litigation when a defense was not raised. *Paluch v. Palakovich* 84 A.3d 1109, 1110 (Pa. Cmwlth. 2014). In *Paluch,* an inmate sued to recover damages against prison employees for property belonging to the inmate that was allegedly lost or damaged during the inmate's incarceration. The inmate challenged the trial court's *sua sponte* dismissal on the basis of the statute of limitations because the defendants did not raise the statute of limitations as a defense. *Id.* at 1111-12. We held that "Section 6602(e)(2) required the trial court to consider any valid affirmative defenses that would preclude relief, and this includes the statute of limitations." *Id.* at 1112. Therefore, "the trial court did not err in raising the issue *sua sponte*." *Id.*

17

Similarly, in *Shore v. Pennsylvania Department of Corrections*, we granted the DOC's preliminary objections in the nature of a demurrer and dismissed the inmate's First Amendment and procedural due process claims. 168 A.3d 374, 382, 386 (Pa. Cmwlth. 2017). We noted that, under Section 6602(e)(2) of the PLRA, we could have *sua sponte* dismissed the inmate's suit because the DOC was shielded by the affirmative defense of sovereign immunity, despite the absence of any such defense in the DOC's preliminary objections. *Id.* at 386 n.8.

As demonstrated by our reasoning in *Paluch* and *Shore*, Section 6602(e)(2) of the PLRA supports common pleas' dismissal of Robinson's Amended Complaint based on the defenses of res judicata and collateral estoppel "which, if asserted, would preclude the relief." 42 Pa. C.S. § 6602(e)(2). The PLRA grants considerable discretion to trial courts to dismiss suits based on applicable affirmative defenses, such as those here, without strict compliance with Rules 1030 and 1032. Accordingly, common pleas' decision to treat the Motion and the defenses raised therein as an amendment to Defendants' New Matter, and not to find waiver, was an exercise of common pleas' discretion under the PLRA and was not an error of law.

As to Robinson's assertion that he was prejudiced by common pleas' decision to treat the Motion and the defenses raised therein as an amendment to Defendants' New Matter, it is first worth noting that "[t]he decision to allow an amendment to a pleading is clearly within the discretion of the trial court." *City of Philadelphia v. Spencer*, 591 A.2d 5, 7 (Pa. Cmwlth. 1991). In addition, with regard to amendments, "[t]he possible prejudice . . . must stem from the fact that the new allegations are offered **late** rather than in the original pleading, and not from the fact that the opponent may lose his [or her] case on the merits if the [amendment] is allowed." *Id.* (quoting *Bata v. Central-Penn Nat'l Bank of Phila.*, 293 A.2d 343 (Pa. 1972)

18

(emphasis in original) (quotation and citation omitted)). "To constitute prejudice, the amendment must compromise [the opposing party's] ability to present [its] case." *Id.* It cannot be said that the affirmative defenses were asserted so late as to prejudice Robinson because Section 6602(e)(2) of the PLRA enables affirmative defenses to be raised if the trial court, "at any time," 42 Pa. C.S. § 6602(e)(2), deemed these defenses valid. Overall, treating the Motion as an amendment to Defendants' New Matter did not limit Robinson's ability to present this case because common pleas afforded him the opportunity to amend his Complaint and the District Court had already thoroughly evaluated the merits of this case. Therefore, this decision by common pleas was not prejudicial to Robinson.

## III.   Conclusion

We hold that common pleas properly ruled that res judicata and collateral estoppel bar Robinson from proceeding with this suit. We also hold that it was not an abuse of discretion, not an error of law, and not prejudicial to Robinson for common pleas to treat Defendants' Motion as an amendment to their New Matter, and, pursuant to the PLRA, not find that Defendants waived the defenses of res judicata or collateral estoppel. Accordingly, we affirm the Order of common pleas granting Defendants' Motion and dismissing Robinson's suit.

_____
**RENÉE COHN JUBELIRER,** Judge

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Anthony Robinson,         :
                Appellant     :
                       :
            v.             :   No. 1694 C.D. 2017
                       :
Officer Fye, Marirosa Lamas,    :
Jeffrey Horton, Robert Marsh,   :
Timothy Miller, Lynn Eaton,    :
Lieutenant Sutton, Lieutenant   :
Davis and David Kuhn        :

## **O R D E R**

**NOW**, August 17, 2018, the October 20, 2017 Order of the Court of Common Pleas of Centre County is **AFFIRMED.**

 

_____

**RENÉE COHN JUBELIRER,** Judge