Borough of Dunmore and Dunmore : 
Pension Board, :
         Appellants :
     :
     :
       v. :
     :
Vincent Arnone, Thomas Bradley,[1] :
Ronald Sleboda, Edward Smith, and : No. 783 C.D. 2019
Eugene Wisniewski : Submitted: December 12, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: March 6, 2020

Borough of Dunmore (Borough) and Dunmore Pension Board (Board) (collectively, Dunmore) appeal from the Lackawanna County Common Pleas Court's (trial court) May 22, 2019 order denying Dunmore's appeal and affirming in part and denying in part the Hearing Officer's decision. Essentially, Dunmore presents three issues for this Court's review: (1) whether the trial court had jurisdiction to hear this matter; (2) whether res judicata and collateral estoppel precluded the trial court from hearing this matter; and (3) whether the Municipal Police Pension Law, commonly known as Act 600 (Act 600),[2] applies.[3] After review, we affirm.

---

[1] On December 18, 2017, Thomas Bradley executed a settlement agreement with Dunmore Borough which removed him from this litigation.

[2] Act of May 29, 1956, P.L. 1804, *as amended*, 53 P.S. §§ 767-778.

[3] Because the issues listed in Dunmore's Statement of Questions Presented, *see* Dunmore Br. at 5-6, do not coincide with the issues listed in its Summary of Argument, *see* Dunmore Br. at 24, and neither line up with the discussions in the Argument section of Dunmore's brief, for ease of analysis, this Court has addressed the issues as they are presented in the Argument section of Dunmore's brief.

Vincent Arnone (Arnone) was employed as a firefighter with the Borough between February 1980 and December 2005; Edward Smith (Smith) was employed as a firefighter with the Borough between January 1988 and January 2008; and Eugene Wisniewski (Wisniewski) was employed as a firefighter with the Borough between December 2000 and August 2014 (collectively, Firefighters). The issue before the Court is whether Firefighters are entitled to annual cost of living adjustments (COLA) to their pension benefits.

## Background

Police and firefighters employed in the Commonwealth have a right to bargain collectively with their public employers pursuant to the Policemen and Firemen Collective Bargaining Act (Act 111).[4] Harmonious with Act 111, in 1992, the Borough police union (Police Union) and the Borough entered into a side agreement (1992 Police Side Agreement), wherein the Borough agreed that retirees shall be eligible to receive an annual COLA in exchange for the elimination of the minimum manpower staffing provisions from all current and future collective bargaining agreements (CBAs) between the Borough and the Police Union. On November 10, 1992, the Borough also approved the 1993-94 CBA (1993-94 Police CBA). The 1993-94 Police CBA stated that the Borough will provide a total pension benefit to police officers who accept early retirement within 30 days of first becoming eligible.

The following year, the 1995 CBA (1995 Police CBA) between the Borough and the Police Union maintained the prior pension plan, pension eligibility, and COLAs for those hired before December 31, 2004. However, for police

---

[4] Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1-217.10. Policemen and Firemen Collective Bargaining Act and Act 111 are the commonly used names for the Act. The law has no official title.

2

employees hired on or after January 1, 1995, the Borough and the Police Union would continue to negotiate a police pension plan to be in conformance with Act 600.

Act 600 governs the police pension plans for townships and boroughs that employ three or more full-time police officers. *See* Section 1(a)(1) of Act 600, 53 P.S. § 767(a)(1). Section 5(c) of Act 600 directs "[m]onthly pension or retirement benefits . . . shall be computed at one-half the monthly average salary of such member during not more than the last sixty nor less than the last thirty-six months of employment." 53 P.S. § 771(c). Further, Section 5(g)(1) of Act 600 requires:

> The ordinance or resolution establishing the police pension fund may provide for a [COLA] for members of the police force receiving retirement benefits. The [COLA] shall not exceed the percentage increase in the Consumer Price Index from the year in which the police member last worked, shall not cause the total police pension benefits to exceed seventy-five per centum of the salary for computing retirement benefits and shall not cause the cost of living increase to exceed thirty per centum. No cost of living increase shall be granted which would impair the actuarial soundness of the pension fund.

53 P.S. § 771(g)(1). In addition to Act 600, Act 111 was in effect while the Police Union and the Borough negotiated the 1992 Police Side Agreement, the 1993-94 Police CBA, and the 1995 Police CBA.

In 1996, because the Borough and the Police Union were unable to reach an agreement on the 1996 CBA, the matter proceeded before an Act 111 Arbitration Board (Arbitration Board). In addition, the Borough sought declaratory judgment against the Police Union to invalidate the provisions of the previously bargained police pension plan which conflicted with Act 600. Pertinent to this litigation, the Arbitration Board issued a Supplemental Award which acknowledged the declaratory judgment action relative to pension benefits and deferred to the court's resolution of the matter. The trial court denied the Borough's request to declare the conflicting

3

pension plan provisions null and void, and further denied the Borough's request to limit the Borough's responsibility to pay any police pension benefit beyond one-half of each participant's average monthly salary over the final 36 months of his or her employment, as mandated by Act 600.

The Borough appealed to this Court, which affirmed the trial court's conclusion that the Borough remained obligated to pay pension benefits to the individual defendants as agreed upon under the 1993-94 and 1995 Police CBAs.[5] This Court also held: (1) the Arbitration Board deferred to a judicial determination of the legality of the contested police pension plan terms; and (2) Act 111 arbitration boards cannot require the Borough to violate Act 600. Therefore, this Court ruled that the 1996 CBA must conform to Act 600. The Police Union appealed this Court's decision to the Pennsylvania Supreme Court which denied the Police Union's Petition for Allowance of Appeal.[6]

**Facts**

On June 30, 2016, Thomas Bradley (Bradley) and Ronald Sleboda (Sleboda) (collectively, Police Officers) and Firefighters filed a Complaint against Dunmore seeking annual COLAs to their pension benefits. Dunmore did not answer the Complaint. On August 16, 2016, Police Officers and Firefighters filed a Praecipe for Default Judgment.[7] Thereafter, Dunmore filed a Petition to Open and/or Strike Default Judgment (Petition). On October 4, 2016, at the hearing on the Petition, the parties agreed to submit the case to a hearing officer in accordance with the Local

---

[5] *See Borough of Dunmore v. Dunmore Police Ass'n* (Pa. Cmwlth. No. 3296 C.D. 1999, filed December 7, 2000).

[6] *See Borough of Dunmore v. Dunmore Police Ass'n* (Pa. No. 16 MAL 2001, filed May 4, 2001).

[7] Judgment was entered August 16, 2016.

4

Agency Law.[8] The Borough approved the appointment of the Hearing Officer and a hearing was held on January 17, 2017. The Hearing Officer issued his opinion on July 18, 2017. The Hearing Officer concluded: (1) Bradley and Sleboda fell under the 1995 Police CBA and were not subject to Act 600 because they were hired before December 31, 1994; (2) based on Bradley and Sleboda's receipt of 70% of their base salary upon retirement, their retirement benefits were encompassed by the 1993-94 Police CBA pension provisions; (3) Bradley and Sleboda were not within the scope of Act 600 and the actuarial soundness of the pension fund was irrelevant; and (4) firefighters who retired after January 1, 1998 were entitled to annual COLAs to their pension benefits because of the *me too* provision contained within the firefighters' CBAs.

Dunmore appealed to the trial court. On May 22, 2019, the trial court denied Dunmore's appeal, and affirmed in part and denied in part the Hearing Officer's decision. Specifically, the trial court ruled that the Police Officers are entitled to 70% base salary pension benefits and annual COLAs to their pension benefits; Arnone and Smith are entitled to annual COLA benefits from August 1, 2012 to present; and Wisniewski is not entitled to annual COLA benefits. Dunmore appealed to this Court.[9] On November 20, 2019, this Court granted the parties' Joint Petition to Enter an Order to Settle, Discontinue and End the matter against Sleboda, with prejudice. Accordingly, because Wisniewski did not appeal from the trial

---

[8] 2 Pa.C.S. §§ 551-555, 751-754.

[9] The standard of review in an appeal of a local agency decision, where the trial court has taken no additional evidence, is whether constitutional rights have been violated, whether an error of law has been committed, or whether a finding of fact of the agency necessary to support its adjudication is not supported by substantial evidence.

*Meyer v. City of Pittsburgh Historic Review Comm'n*, 201 A.3d 929, 935 n.6 (Pa. Cmwlth. 2019).

court's order, the only remaining parties to this action are Arnone and Smith; thus, collective references hereinafter to Firefighters exclude Wisniewski.

**Discussion**

Dunmore first argues that the trial court lacked jurisdiction to hear this matter because under the relevant CBAs, the Hearing Officer and the trial court should have relinquished jurisdiction and directed the parties to proceed through the CBAs' grievance and arbitration process. Firefighters rejoin that, at the hearing on the Petition, *Dunmore* suggested that the parties agree to a hearing with a hearing officer and both parties agreed. *See* Firefighters' Br. at 25. Firefighters contend that Dunmore cannot now claim that the Hearing Officer and/or the trial court did not have jurisdiction to hear the matter merely because Dunmore did not obtain a favorable result from the Hearing Officer or the trial court.

Initially, on October 4, 2016, the trial court directed:

> [I]t is hereby ORDERED that the Petition is held in abeyance. It is further ORDERED that, within ninety (90) days from the date of this Order, [Dunmore] and [Police Officers and Firefighters] shall schedule a mutually[-]convenient time to conduct a hearing under the Local Agency Law, . . . regarding [Police Officers and Firefighters'] claims for [COLAs] to their pension benefits, as set forth in the Complaint in this action. It is further ORDERED that the [Petition] has not been withdrawn or waived.

Reproduced Record (R.R.) at 182a. Further, on November 29, 2016, the trial court instructed:

> [U]pon consideration of the parties['] stipulated written request, via letter, it is hereby ORDERED that the [p]arties who have agreed to the appointment of Judge Thomas Blewitt as a local agency hearing officer, shall schedule a mutually convenient time to conduct a hearing under the Local Agency Law, . . . regarding [Police Officers and

6

Firefighters'] claims for [COLAs] to their pension benefits, as set forth in the Complaint in this action, to take place within 60 days of this order with [f]indings with a final [d]ecision by Judge Blewitt to be issued within 120 days.

R.R. at 183a (emphasis added); *see also* Trial Ct. March 9, 2017 Order, (directing the deadline for the Hearing Officer's opinion/decision "upon consideration of the [**p**]**arties**[**'**] **stipulated written request**") (emphasis added). Clearly, Dunmore agreed to the appointment of the Hearing Officer in this matter.

Notwithstanding, Dunmore argues that based on the Police CBAs' relevant language, the grievance and arbitration process is mandatory. However, since Firefighters are the only appellees remaining in this matter, their CBAs control.

Article XIII of the January 1998 to December 31, 2000 Firefighters' CBA specifies the relevant grievance procedure:

ARTICLE XIII

GRIEVANCE PROCEDURE

A. The purpose of the grievance procedure shall be to settle all grievances between the Fire Department and the Union as quickly as possible so as to insure efficiency and promote Employees' morale.

B. Should any **Employee or group of Employees** feel aggrieved as a result of any condition arising out of the employer-Employee relationship, including the claim or unjust discrimination on any matter or condition affecting health and safety beyond those normally encountered in all phases of fire fighting, adjustment shall be sought as follows by the Employee, with the assistance of the Union[.]

R.R. at 819a (emphasis added). The grievance procedure has remained unchanged since that time. *See also* R.R. at 859a-860a (Article XIII 2001-03 Firefighter CBA).

In the instant case, Firefighters are retirees. In order to determine whether retirees have standing to file a grievance, the courts look to the CBA

language. In *Danville Area School District v. Danville Area Education Ass'n, PSEA/NEA*, 754 A.2d 1255 (Pa. 2000), the Pennsylvania Supreme Court held that the retiree had standing to grieve because the CBA "**did not limit the grievance process to 'employees'** but permitted 'persons' to initiate a grievance." *Id.* at 1262 (emphasis added). Similarly, this Court, in *Hempfield Area School District v. Pennsylvania Labor Relations Board*, 920 A.2d 222 (Pa. Cmwlth. 2007), relying on *Danville*, determined that a union had standing to file a grievance on a retiree's behalf because: "Like the language in the CBA in *Danville*, the CBA in the present controversy **did not limit the grievance process to 'employees'** but permitted the [u]nion to initiate a grievance for 'persons' as distinguished from 'employees'." *Hempfield*, 920 A.2d at 226 (emphasis added). Here, Firefighters' CBAs clearly limit the grievance process to employees. Because Firefighters are retirees and not employees, they are not bound by the grievance process. Accordingly, the trial court had jurisdiction to hear this matter under the Local Agency Law, as an appeal from an agency decision.

Dunmore next argues that res judicata and collateral estoppel preclude Firefighters' claims. Specifically, Dunmore contends that the course of action, subject matter and ultimate issues in *Borough of Dunmore v. Dunmore Police Ass'n* (Pa. Cmwlth. No. 3296 C.D. 1999, filed December 7, 2000), are the same as in the present case. Further, Dunmore asserts that, notwithstanding that Firefighters were not a party to that action, they are privy to the determination because their pension benefits flow directly from the police pension benefit.

> This Court has explained:
>
> Res judicata, or claim preclusion, applies only when there exists a 'coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued.'

8

*Robinson v. Fye*, 192 A.3d 1225, 1231 (Pa. Cmwlth. 2018) (quoting *J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002)). Further,

> [c]ollateral estoppel or issue preclusion renders issues of fact or law, *McNeil v. Owens-Corning Fiberglas Corp*[.], . . . 680 A.2d 1145, 1147-48 ([Pa.] 1996), incapable of relitigation in a subsequent suit if, in a prior suit, these (1) same issues were (2) 'necessary to [a] final judgment on the merits . . . [and (3)] the party against whom [issue preclusion] is asserted [was] . . . a party, or [was] . . . in privity with a party[ ] to the prior action and . . . [(4)] had a full and fair opportunity to litigate the issue in question,' *Balent*[ *v. City of Wilkes-Barre*,] 669 A.2d [309,] 313 [(Pa. 1995)].

*Robinson*, 192 A.3d at 1231-32.

In *Dunmore*, the issue before this Court was whether Act 600 negated the 1993-94 Police CBA, 1992 Police Side Agreement or 1995 Police CBA with respect to police pensions. The *Dunmore* Court held:

> [T]he [pension] benefits for those who have become eligible to receive their pension under the 1993-94 [Police] CBA, [1992 Police] Side Agreement or 1995 [Police] CBA shall not be altered as a result of subsequent amendments required to bring the plan into conformity with Act 600. The individual defendants [including Bradley and Sleboda] in the present case, who either became eligible to retire or began receiving benefits under the contracts applicable for 1993 through 1995, have vested contract rights that cannot now be abridged on the ground that the CBAs creating those rights did not comport with Act 600. Hence, . . . prospective conformance with Act 600 would not change the benefits payable to the individual defendants under the [CBA] in effect when each of them became eligible to receive benefits.

*Id.*, slip op. at 8 (footnote and citations omitted). The identity of the parties are not the same. In addition, the issue of whether the Borough was no longer obligated under the 1993-94 Police CBA, 1992 Police Side Agreement or 1995 CBA because they allegedly conflict with Act 600 is distinctly different than whether Firefighters

9

are entitled to annual COLAs to their pension benefits. Accordingly, Firefighters' claims are not barred by res judicata or collateral estoppel.

This Court's above conclusion is based on different reasoning than that employed by the Hearing Officer and the trial court.[10] As Dunmore correctly asserts, the Hearing Officer and the trial court misconstrued the clear language of this Court's *Dunmore* decision. Both held that *Dunmore* only applied to police retirees who were hired after January 1, 1996. However, the *Dunmore* Court expressly stated that benefits for those "who have become eligible to receive their pension under the 1993-94 [Police] CBA, [1992 Police] Side Agreement or 1995 [Police] CBA shall not be altered . . . into conformity with Act 600." *Id.* The Court continued: "The [] defendants . . . , who either became eligible to retire or began receiving benefits under the contracts applicable for 1993 through 1995, have vested contract rights that cannot now be abridged . . . ." *Id.* Clearly, *Dunmore* does not apply to *all* retirees hired after January 1, 1996. The retirees had to have *become vested* before the *Dunmore* decision was filed to be entitled to benefits that are contrary to Act 600.[11]

Dunmore next asserts that Firefighters are limited to Act 600-compliant COLAs. Specifically, Dunmore contends that, based on Article IX of Firefighters' January 1, 1998 to December 31, 2000 CBA (1998-2000 Firefighter CBA),

---

[10] Although our conclusion that Firefighters' claims are not barred by res judicata or collateral estoppel is based on different grounds than those set forth by the trial court, "this Court may affirm a trial court's order on other grounds where affirmance is required for different reasons than those on which [the trial court] based its decision." *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 274 n.3 (Pa. Cmwlth. 2018).

[11] With respect to COLAs, Act 600 permitted annual COLAs to be applied to pension benefits, but only if the COLA did not exceed the percentage increase in the Consumer Price Index from the year in which the police member last worked, did not cause the total police pension benefits to exceed 75% of the salary for computing retirement benefits and did not cause the cost of living increase to exceed 30%. Further, Act 600 prohibited application of a COLA if the COLA would impair the actuarial soundness of the pension fund. As Dunmore summarized: "Guaranteed COLAs are not available, all [Police Officers] are entitled to a COLA[,] but only when their respective pension fund is actuarially sound." Dunmore Br. at 36.

Firefighters may only receive a COLA if their pension fund is actuarially sound, as Act 600 requires.

Article IX(F)(4) of the 1998-2000 Firefighter CBA provides: "In addition to the existing benefits, bargaining unit members retiring on and after January 1, 1998 shall also receive a COLA in the same form and manner as that received by Borough [p]olice [o]fficers." R.R. at 814a. Pursuant to Section 5(f)(1) of Act 600: "No cost of living increase shall be granted which would impair the actuarial soundness of the [police] pension fund." 53 P.S. § 771(g)(1). Firefighters rejoin that since, by its express language, Act 600 does not apply to firefighters, Firefighters' COLAs cannot be limited thereby.

At the outset, Section 1(a)(1) of Act 600 begins: "Each borough . . . of this Commonwealth **maintaining a police force of three or more full-time members** . . . shall . . . establish, by ordinance or resolution, a police pension fund . . . ." 53 P.S. § 767(a)(1) (emphasis added). Clearly, Section 1 of Act 600 expressly limits the authority under Act 600 to Borough police. *See City of Butler v. City of Butler Police Dep't, Fraternal Order of Police Lodge No. 32*, 780 A.2d 847 (Pa. Cmwlth. 2001). It is equally evident that *if* firefighters can only receive a COLA **in the same form and manner as that received by Borough police officers**, then the restrictions to the police COLAs must also apply to Firefighters.

However, on February 28, 2001, the Borough Council codified Firefighters' rights to COLAs by issuing Ordinance 1. Ordinance 1 provides:

> AN ACT AMENDING FILE OF THE COUNCIL NO. 7 OF 1995 ENTITLED 'PENSION PLAN FOR QUALIFYING EMPLOYEES OF THE DUNMORE FIRE DEPARTMENT' AUTHORIZING THE FOLLOWING CHANGE:
>
> [COLAs] shall be computed only for retirees who retired on or after January 1, 1998. COLA shall be calculated on a calendar year basis commencing January 1st of each year.

11

A pensioner is not entitled to his/her first COLA until he/she has been retired a minimum of 12 months.

The yearly calculation shall be based on the percentage increase in the Consumer Price Index for Urban Consumers (ALL ITEMS) for the previous year.

In addition, a pensioner's aggregate increases can[]not exceed 30% and in no case may the total pension benefit exceed 75% of the retiree's compensation for computing retirement benefits.[12]

R.R. at 529a. Accordingly, because Firefighters are entitled to annual COLAs to their pension benefits independent of the police officers' entitlement to COLAs, and Act 600 does not apply to firefighters, Firefighters are not limited to Act 600-compliant COLAs.[13]

---

[12] It is clear from Ordinance 1's language that Firefighters were aware of the Act 600 restrictions, as Ordinance 1, with the exception of the actuarial soundness restriction, incorporated the same restrictions as those contained in Act 600.

[13] Dunmore also argues that the trial court failed to consider the Municipal Pension Plan Funding Standard and Recovery Act, commonly known as Act 205 (Act 205), Act of December 18, 1984, P.L. 1005, *as amended*, 53 P.S. §§ 895.101-895.803. Specifically, Dunmore asserts that because the Borough's expert, actuary Joseph Duda (Duda), testified that from 2012 to 2016, the Firefighters' Pension Fund has not been actuarially sound, *see* R.R. at 390a, Section 305(a) of Act 205 (Section 305(a)) prohibits Firefighters from receiving their COLAs. However, Section 305(a) provides: "Prior to the adoption of any benefit plan modification by the governing body of the municipality, the chief administrative officer of each pension plan shall provide to the governing body of the municipality a cost estimate of the effect of the proposed benefit plan modification." 53 P.S. § 895.305(a). A review of Duda's testimony reveals his testimony was restricted to Act 205 reporting, relative to actuarial soundness for the years 2012-2016, for which he provided only the 2015 Act 205 report. *See* R.R. at 390a. There was no testimony regarding whether an actuarial cost study was performed prior to any benefit plan modification. Clearly, the Act 205 reports were introduced to substantiate Dunmore's claim that Act 600 prohibited Firefighters' annual COLAs due to the actuarial soundness restriction. Thus, there was no need for the trial court to consider whether Act 205 prohibited Firefighters' COLAs.

## Conclusion

Because the trial court had jurisdiction, Firefighters' claims are not barred by res judicata or collateral estoppel, and Act 600's actuarial soundness restriction does not apply to firefighters, Firefighters are entitled to annual COLAs to their pension benefits.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of Dunmore and Dunmore | : | |
| Pension Board, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| Vincent Arnone, Thomas Bradley, | : | |
| Ronald Sleboda, Edward Smith, and | : | No. 783 C.D. 2019 |
| Eugene Wisniewski | : | |

## O R D E R

AND NOW, this 6th day of March, 2020, the Lackawanna County Common Pleas Court's May 22, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge